JOE W. JOSMA, Appellee, vs. THE WESTERN STEEL CAR AND FOUNDRY COMPANY, Appellant.

*Opinion filed April 19, 1911.*

1. CONSTITUTIONAL LAW—*what is included in the terms "life," "liberty" and "property."* Under the constitution of Illinois no person can be deprived of life, liberty and property without due process of law, and these terms include the right to labor, to make and terminate contracts and to acquire property.

2. SAME—*statute depriving persons of liberty or property must be general in its operation.* By no authority can a person be deprived of life, liberty or property or restricted in their exercise except by due process of law, by a statute general in its operation and affecting in the same way all persons similarly situated.

3. SAME—*under the general law of contracts a misrepresentation does not give rise to a criminal liability.* Under the general law of contracts a misrepresentation by a party to a contract of a material fact, made knowingly and with the intention of deceiving, and which does deceive, the other party, is a fraud which may avoid the contract or give rise to a cause of action for damages, but it does not ordinarily subject the party to criminal liability.

4. SAME—*parol executory contract is not within the criminal statute concerning false pretenses.* Where money, personal property or a signature is obtained by false pretenses a criminal prosecution will lie under the statute concerning false pretenses, but a parol executory contract is not within its terms, and the misrepresentation of a fact in an ordinary business dealing is not a crime.

5. SAME—*the law should treat alike men engaged in ordinary business transactions.* While truth and fair dealing should be observed in all business transactions, the law should treat all men alike and should not impose upon one class of men a liability for attorney's fees in a civil suit and a criminal liability for deceit in obtaining a contract, while leaving other men subject only to the civil liability imposed by the common law under like circumstances.

6. SAME—*the act of 1899, prohibiting deception in employing workmen, is invalid.* The act of 1899, (Laws of 1899, p. 139,) to prohibit deception, false advertising and misrepresentation in employing workmen, imposes upon persons employing workmen coming from another place to the place of their employment a different measure of liability, both civil and criminal, for deceit or misrepresentation than is imposed upon other persons, and is invalid unless sustainable as a proper police measure.

7. Same—*police power does not authorize arbitrary discrimination in legislation.* The legislature may, in the exercise of the police power, classify persons if the classification is based upon some reasonable distinction having reference to the object of the legislation, but there can be no discrimination in legislation unless there is an actual difference of condition.

8. Same—*the act of 1899, to prohibit deception in employing workmen, is not sustainable as a police measure.* The act of 1899, (Laws of 1899, p. 139,) to prohibit deception, false advertising and misrepresentation in employing workmen, is not sustainable as a proper police measure, as the class of workmen to whom the act applies is arbitrarily limited to those changing from one place to another and the misrepresentation and deception arbitrarily limited to conditions which are as important to professional and semi-professional people in the employ of others as to workmen, and the act is therefore invalid as special legislation.

Appeal from the Circuit Court of Cook county; the Hon. H. S. Pomeroy, Judge, presiding.

Sheriff, Dent, Dobyns & Freeman, for appellant:

Corporations are "persons," within the protection of the constitutional guaranties. *Smyth* v. *Ames,* 169 U. S. 466; *Railroad Co.* v. *Gibbes,* 142 id. 386; *Mining Co.* v. *Pennsylvania,* 125 id. 181; *Railway Co.* v. *Beckwith,* 129 id. 26.

The police power is limited to enactments having reference to the public health or comfort, safety or welfare, and adapted to that end. Laws interfering with personal liberty are not referable to the police power unless the public health, comfort, safety or welfare requires it. *Ruhstrat* v. *People,* 185 Ill. 133; *Ritchie* v. *People,* 155 id. 98; *Railway Co.* v. *Jacksonville,* 67 id. 37; *Horwich* v. *Laboratory Co.* 205 id. 497; *Frorer* v. *People,* 141 id. 171; *Chicago* v. *Netcher,* 183 id. 104.

Statutes designed for regulation are justifiable only under the police power, and those designed for arbitrary prohibition are unconstitutional. *Bessette* v. *People,* 193 Ill. 334; *Chicago* v. *Netcher,* 183 id. 104; *Stockton Laundry case,* 26 Fed. Rep. 611.

The subjects of the exercise of the police power are judicial questions, and it is for the courts to say when there is no occasion for its exercise. *Ruhstrat* v. *People,* 185 Ill. 133; *Frorer* v. *People,* 141 id. 171; *Ritchie* v. *People,* 155 id. 98; *Railway Co.* v. *Jacksonville,* 67 id. 37; *Bessette* v. *People,* 193 id. 334; *Minnesota* v. *Barker,* 136 U. S. 313.

The constitutional provisions carry with them guaranties that everyone shall be allowed to conduct his affairs in the same manner enjoyed by the rest of the community and that there shall be no arbitrary discriminations made. *Bessette* v. *People,* 193 Ill. 334; *Mathews* v. *People,* 202 id. 389; *Pierce* v. *Dillingham,* 203 id. 148.

Discriminatory, class or special legislation is unconstitutional. *Mathews* v. *People,* 202 Ill. 389; *State* v. *Goodwill,* 10 S. E. Rep. 285; *Lawton* v. *Steele,* 152 U. S. 133; *Butchers' Union Co.* v. *Crescent City Co.* 111 id. 746; *Coal Co.* v. *Harrier,* 207 Ill. 624; *Badenoch* v. *Chicago,* 222 id. 71; *Bailey* v. *People,* 190 id. 28; *Eden* v. *People,* 161 id. 296.

Abridgments of the right to contract are unconstitutional. *Ritchie* v. *People,* 155 Ill. 98; *Chicago* v. *Hulbert,* 205 id. 346; *Massie* v. *Cessna,* 239 id. 352; *Frorer* v. *People,* 141 id. 171; *Mathews* v. *People,* 202 id. 389; *Manowsky* v. *Stephan,* 233 id. 409; *Hann°case,* 42 L. R. A. 369.

The requirement of the act in question that information be furnished is unconstitutional, because it imposes an obligation to speak where there is a right of silence, and because burdens cannot be arbitrarily imposed upon individuals. *Wallace* v. *Railway Co.* 29 S. E. Rep. 579; *Millett* v. *People,* 117 Ill. 294; *Lawton* v. *Steele,* 152 U. S. 133; *Harding* v. *People,* 160 Ill. 459; *Chicago* v. *O'Brien,* 111 id. 532.

The legislature has no power to pronounce an innocent act criminal when the public health, safety, morals or welfare is not endangered. *Gillespie* v. *People,* 188 Ill. 176; *Horwich* v. *Laboratory Co.* 205 id. 497; *Railway Co.* v.

*Jacksonville,* 67 id. 37; *Yates* v. *Milwaukee,* 10 Wall. 505; *Coe* v. *Schultz,* 47 Barb. 64; *Calder* v. *Bull,* 3 Dallas, 386.

A statutory provision for attorneys' fees to be awarded to a certain special class of litigants, in the absence of a sound reason upon which such class can be distinguished from all other litigants as a proper class to be so favored in distinction from all others, is unconstitutional and void. *Manowsky* v. *Stephan,* 233 Ill. 409.

JOHN C. KING, and JAMES D. POWER, for appellee:

A law is general when it applies to all persons similarly situated. *Erford* v. *Peoria,* 229 Ill. 553.

Silence where there is a duty to speak may constitute deception. *Ellison* v. *Express Co.* 245 Ill. 410.

The persons to whom the benefit of the statute is extended are persons composing a class who are in a condition making it proper to afford to them the remedy granted by the statute, and the statute applies to all wage earners without discrimination. *Vogel* v. *Pekoc,* 167 Ill. 339; *Manowsky* v. *Stephan,* 233 id. 413.

The statute in question is within the police power. *Ritchie & Co.* v. *Wayman,* 244 Ill. 509.

The provision for attorneys' fees is valid. *Manowsky* v. *Stephan,* 233 Ill. 413; *Vogel* v. *Pekoc,* 167 id. 339.

Mr. JUSTICE DUNN delivered the opinion of the court:

This cause was begun before a justice of the peace and was brought here by a direct appeal from the circuit court because it involves the constitutionality of an act of the General Assembly entitled "An act prohibiting the use of deception, misrepresentation, false advertising and false pretenses and unlawful force in the procuring of employees to work in any department of labor in this State and fixing penalties, criminal and civil, for violation thereof," approved April 24, 1899. (Hurd's Stat. 1909, p. 1088.) The act is as follows:

"Sec. 1. That it shall be unlawful for any person, persons, company, corporation, society, association or organization of any kind doing business in this State, by himself, themselves, his, its or their agents or attorneys, to induce, influence, persuade or engage workmen to change from one place to another in this State, or to bring workmen of any class or calling into this State to work in any of the departments of labor in this State, through or by means of false or deceptive representations, false advertising or false pretenses concerning the kind and character of the work to be done, or amount and character of the compensation to be paid for such work, or the sanitary or other conditions of the employment, or as to the existence or non-existence of a strike, or other trouble pending between employer and employees, at the time of or prior to such engagement. Failure to state in any advertisement, proposal or contract for the employment of workmen that there is a strike, lockout, or other labor troubles at the place of the proposed employment, when in fact such strike, lock-out or other labor trouble then actually exists at such place, shall be deemed a false advertisement and misrepresentation for the purposes of this act.

"Sec. 2. Any person or persons, company, corporation, society, association or organization of any kind doing business in this State, as well as his, their or its agents, attorneys, servants or associates found guilty of violating section 1 of this act, or any part thereof, shall be fined not exceeding $2000 or confined in the county jail not exceeding one year, or both, where the defendant or defendants is or are a natural person or persons.

"Sec. 3. Any person or persons who shall, in this or another State, hire, aid, abet or assist in hiring, through agencies or otherwise, persons to guard with arms or deadly weapons of any kind other persons or property in this State, or any person or persons who shall come into this State armed with deadly weapons of any kind for any

such purpose, without a permit in writing from the Governor of this State, shall be guilty of a felony, and on conviction thereof shall be imprisoned in the penitentiary not less than one year nor more than five years: *Provided,* that nothing contained in this act shall be construed to interfere with the right of any person, persons or company, corporation, society, association or organization in guarding or protecting their private property or private interests as is now provided by law; but this act shall be construed only to apply in cases where workmen are brought into this State or induced to go from one place to another in this State, by any false pretenses, false advertising or deceptive representation, or brought into this State under arms, or removed from one place to another in this State under arms.

"Sec. 4. Any workman of this State, or any workman of another State, who has, or shall be influenced, induced or persuaded to engage with any persons mentioned in section I of this act, through or by means of any of the things therein prohibited, each of such workmen shall have a right of action for recovery of all damages that each such workman has sustained in consequence of the false or deceptive representations, false advertising and false pretenses used to induce him to change his place of employment, against any person or persons, corporations, companies or associations, directly or indirectly, causing such damages; and, in addition to all actual damages such workmen may have sustained, shall be entitled to recover such reasonable attorney's fees as the court shall fix to be taxed as costs in any judgment recovered."

The facts were stipulated. The appellant during 1904 was in the business of building railroad freight cars in Cook county, and during February there was a lock-out of a class of its employees known as car-builders, being carpenters experienced in building cars. The appellee was a car-builder living in Muskegon, Michigan, and an agent of the appel-

lant went there and engaged the appellee to come to the appellant's plant and enter its service. The appellant gave no information as to the existence of any labor trouble and was asked for none. Upon his arrival in Chicago the appellee, by reason of the existence of the lock-out and the circumstances attending it, found it inadvisable to enter upon the employment contracted for and was prevented from doing so. It was stipulated that the appellant performed the contract on its part so far as required by law, and that appellee's cause of action depends entirely upon the provisions of the act above mentioned. The expenses of the appellee's trip from Muskegon to Chicago and back, together with his loss of time, amounted to $18.23, for which, together with an attorney's fee of $15, which was agreed to be a reasonable amount, he recovered judgment.

Under the constitution of this State no person can be deprived of life, liberty or property without due process of law, and these terms, "life," "liberty" and "property," embrace every personal, political and civil right which any person within the State may possess, including the right to labor, to make and terminate contracts and to acquire property. (*Gillespie* v. *People,* 188 Ill. 176.) By no authority can any person be deprived of any of these rights or restricted in their exercise except by due process of law, by a statute general in its operation and affecting in the same way all persons similarly situated.

By the general law of contracts a misrepresentation by a party to a contract of a material fact knowingly made, with the intention of deceiving, and which does deceive, the other party, is a fraud which may avoid the contract entered into on the faith of it or may give a cause of action for damages. It does not, however, ordinarily subject the party making it to a criminal liability. Such a misrepresentation could at common law be no more than a mere private cheat, which was a civil injury, only, for which an action to recover damages would lie but which was not an indict-

able offense.  (12 Ency. of Law,—2d ed.—797.)   Where
money, personal property or a signature is obtained by false
pretenses a criminal prosecution will lie under our statute,
but a parol executory contract is not within its terms.   The
law has not denounced the misrepresentation of a fact in
ordinary business dealings as a crime.   So contracts for
the sale of personal property or of real estate, for the erec-
tion of buildings, for the hire of personal property or the
leasing of real estate, for the loan of money, for insurance,
for the employment of attorneys, physicians, agents or
workmen, may be avoided for fraudulent misrepresenta-
tions by which they were procured, but the misrepresenta-
tions will not constitute a criminal offense or sustain an
action for anything more than the damages suffered.   The
act in question leaves all these contracts unaffected by its
provisions except in the single case of the employment of
workmen, and even in that case its effect is limited to work-
men who may change from one place to another in this
State or be brought into this State.

Truth and fair dealing should be observed in all busi-
ness transactions but the law should treat all men alike.   It
should not impose upon one class of men a liability for at-
torney's fees in a civil suit and a criminal liability for deceit
in obtaining a contract, while leaving all other men subject
only to the civil liability imposed upon them by the common
law under like circumstances.   This statute imposes upon
the employers of workmen coming from another place to
their place of employment a different measure of liability,
both civil and criminal, for their wrongful acts from that
imposed upon other persons.   It is therefore invalid unless
circumstances exist making its enactment essential to the
public health, morals, safety or welfare.  *Millett* v. *People,*
117 Ill. 294; *Frorer* v. *People,* 141 id. 171; *Braceville
Coal Co.* v. *People,* 147 id. 66; *Harding* v. *People,* 160 id.
459; *Starne* v. *People,* 222 id. 189; *Off & Co.* v. *More-
head,* 235 id. 40.

The legislature may, in the exercise of the police power, classify persons if the classification is based upon some reasonable distinction having reference to the object of the legislation, but there can be no discrimination in legislation unless there is an actual difference of condition. The class to whom this act applies is workmen changing from one place to another. The representations aimed at are those which concern the kind and character of the work, of the compensation, the sanitary and other conditions of the employment and the existence of a strike or other labor trouble. These conditions, or some of them, are as important to the stenographers in an office, the clerks in a store or a bank, the teachers in a school, or any of the professional or semi-professional people who are employed by others, as to the workmen mentioned in the act. They are as important to the workman who does not leave his home for employment as to him who does. If persons entering into contracts of employment may be placed upon a different footing from persons entering into other contracts in the manner provided in this act, it can be only by an act sufficiently comprehensive to include all persons subject to the evil aimed at,—the deception of employees as to the terms, character and conditions of their employment. A strike might exist among the telegraphers of a city, but the employer would not violate this statute if he employed other telegraphers without notifying them of the strike. A tailor shop might be unsanitary, but the employer would not violate this statute so long as he employed only resident tailors. A statute cannot be sustained which applies to some cases and does not apply to other cases not essentially different in kind. This statute is an arbitrary enactment, not operating equally on all persons under like conditions but special in its operation, and it is therefore violative of constitutional rights.

The judgment of the circuit court will be reversed.

*Judgment reversed.*