**Joseph Kelas, Plaintiff in Error, v. William Ganschow Company, Defendant in Error.**

**Gen. No. 26,987.**

1. APPEAL AND ERROR—*motion to carry demurrer back as waiver of error in sustaining demurrer.* Error in sustaining a demurrer to plaintiff's replication to a special plea is waived by a motion to carry the demurrer back to the plea.

2. WORKMEN'S COMPENSATION—*sufficiency of special plea to invoke the act as defense.* A special plea which alleges that plaintiff, his employer and defendant, the third party tort-feasor, had all elected to be under the Workmen's Compensation Act, that the employer had paid compensation to plaintiff as required by the act, and that acting thereunder the employer had obtained a judgment against defendant which had been paid by defendant, sufficiently answers, as against general demurrer, a declaration to enforce a common-law right of action against defendant based on allegations that plaintiff and his employer were both under the act but that defendant had elected not to come under it.

3. FORMER ADJUDICATION—*judgment under Workmen's Compensation Act as bar to common-law proceeding.* A judgment obtained by plaintiff's employer against defendant under the Compensation Act for compensation paid to plaintiff for a compensable injury suffered through the negligence of defendant bars a common-law action by the plaintiff against defendant on account of such injury regardless of whether the defendant had or had not elected to be bound by the act.

Error by plaintiff to the Circuit Court of Cook county; the Hon. A. D. MORGAN, Judge, presiding. Heard in this court at the October term, 1921. Affirmed. Opinion filed February 19, 1923.

BENJAMIN LEVERING and ELMER H. HEITMANN, for plaintiff in error.

WALTER H. ECKERT and WARREN B. BUCKLEY, for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

By this writ of error plaintiff seeks the reversal of an adverse judgment rendered upon the pleadings in an action brought to recover damages for personal injuries alleged to have been negligently inflicted upon him by defendant.

Four counts of the declaration were in the usual form of a common-law action of trespass on the case. The other count alleged that plaintiff and his employer, at the time of the injury, were under the Workmen's Compensation Act, and that the negligent defendant, who was not his employer, had elected not to

be bound by the act.   Such allegations were surplusage; the count was good as a common-law count. *O'Brien v. Chicago City Ry. Co.*, 293 Ill. 140.   *Ad damnum* was laid at $25,000.   Defendant filed a plea of general issue and special pleas, only one of which is important.   Plaintiff filed replication to the special plea, to which replication defendant demurred generally.   This demurrer was sustained and plaintiff was given leave to file an amended replication.   Instead of doing so, plaintiff moved that the demurrer be carried back to the defendant's special plea and it was so ordered, but the court held that the plea was good and overruled the demurrer.   The record shows that plaintiff elected to stand by the demurrer and judgment was entered that plaintiff take nothing.

Plaintiff assigns as error and argues against the order of the court sustaining defendant's demurrer to the replication.   We are inclined to think the replication was good and this order erroneous, but plaintiff waived this point by moving to carry the demurrer back to the plea and electing to stand by the demurrer. Properly to save this point plaintiff should have stood by his replication.   He cannot stand by both the replication and the demurrer, which are antagonistic to each other.   The salient question, therefore, is did defendant's special plea present a good defense.

Plaintiff's injury is alleged to have occurred May 25, 1917.   At that time the Workmen's Compensation Act of 1913 was in force.   In *O'Brien v. Chicago City Ry. Co.*, 305 Ill. 244, sections 6 and 29 [Cahill's Ill. St. ch. 48, ¶¶ 206, 229] have received definite interpretation in connection with other provisions of the act. It is there held (p. 255):

"(1)   that the common-law right of action of an employee against his employer for negligently injuring him in the course of his employment is abolished; (2) that the common-law right of action of an employee against any other person than his employer for negligently injuring him in the course of his employ-

ment where such other person is bound by the provisions of the Workmen's Compensation Act is abolished.''

The first provision of section 29 [Cahill's Ill. St. ch. 48, ¶ 229] provides that where the injury for which compensation is payable by the employer was not caused by the negligence of the employer, but under circumstances creating liability of some other person for damages,

''such other person having also elected to be bound by this act, then the right of the employee or personal representative to recover against such other person shall be subrogated to his employer, and such employer may bring legal proceedings against such other person to recover the damages sustained, in an amount not exceeding the aggregate amount of compensation payable under this act, by reason of the injury or death of such employee.''

Defendant's special plea alleged that all the parties—plaintiff, his employer and also defendant—had elected to be under the Workmen's Compensation Act, and that the employer had paid compensation to plaintiff as required by this act, and that, acting thereunder, plaintiff's employer had brought legal proceedings against defendant and obtained a judgment, which had been paid by defendant. This plea was a sufficient answer to the declaration and the court properly overruled the demurrer to it.

It should be noted that the demurrer was a general demurrer, which reaches only defects of substance and not matters objectionable merely in form. *Massey v. People*, 201 Ill. 409.

The demurrer admitted the facts alleged in the plea, namely that all parties were under the Compensation Act, and it necessarily followed as a conclusion of law that under the first part of section 29 and the decision in the *O'Brien* case, *supra*, plaintiff's common-law action could not be maintained.

In any event the plea that plaintiff's employer has

obtained a judgment under the Compensation Act against defendant, which has been paid, is good, for defendant cannot be held liable for two judgments for the same occurrence. Whether defendant had or had not elected to be bound by the act, the judgment against it is a bar to this action. If the suit brought by plaintiff's employer was under the first part of section 29, where the tort-feasor is under the Compensation Act, then no other action can be brought. If the judgment was obtained in an action brought under the second part of section 29 against a defendant electing not to be bound by the act, then only one action can proceed. It has been definitely so held in *Gones v. Fisher,* 286 Ill. 606, where the court said:

"There is but one legal cause of action, and it is for the common benefit and use of both employer and employee. * * * A suit in the name of the employee and a judgment therein against the defendant would be a bar to another suit in the name of the employer for the same damages, whether the suit was, in fact, prosecuted and controlled by the employee or by the employer. It must necessarily follow, then, that either the employee or employer may prosecute such a suit to a final judgment and force the collection of the same. * * * Payment of the judgment by the defendant, if any should be recovered against him, would completely discharge him from all further liability."

For the reasons above indicated the order of the circuit court in overruling the demurrer to defendant's plea was right, and proper judgment followed, which is affirmed.

*Affirmed.*

DEVER and MATCHETT, JJ., concur.