(No. 34147.—

RAYMOND E. O'BRIEN, Appellant, *vs.* DAVID F. RAUTEN-
BUSH, Appellee.

*Opinion filed November 26, 1956—Rehearing denied Jan. 23, 1957.*

HUBBARD, HUBBARD & DORGAN, of Chicago, (A. G. HUBBARD, REESE HUBBARD, and JOHN T. BURKE, of counsel,) for appellant.

JOHN A. HUTCHINGS, of Chicago, (THOMAS E. DEACY, JR., and EDGAR E. LUNGREN, JR., of counsel,) for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

On October 21, 1953, suit was filed in the circuit court of Cook County by Raymond E. O'Brien, hereinafter referred to as plaintiff, to recover money damages for personal injuries sustained by him in an automobile collision which allegedly occurred some nine months before in Washington County, Wisconsin, as a result of the negligent operation by the defendant, David F. Rautenbush, of the motor vehicle in which they were both riding. Defendant's answer, in addition to denying the negligence allegations, set forth an affirmative defense showing that he and the plaintiff were traveling together at the time of the accident as coemployees of the Meyercord Company, that they and their employer were bound by the Illinois Workmen's Compensation Act, that the occurrence complained of arose out of and in the course of their employment, and that plaintiff had subsequently filed a claim with the Illinois Industrial Commission and had received the sum of $1600 from his

employer as full settlement of all amounts due under the provisions of the Workmen's Compensation Act. Thereafter, defendant moved for summary judgment on the grounds that plaintiff, being bound by the Workmen's Compensation Act, was barred from asserting any common-law right of action which he might otherwise have had against his coemployee, and the circuit court so held in entering judgment for the defendant. This appeal, on constitutional grounds, has followed.

While the plaintiff does not deny the facts contained in the affirmative defense, he insists, as he pleaded below, (1) that the present Illinois statute does not preclude an action against a coemployee, and (2) that if it does, such act is unconstitutional and void. In addition, he contends that Wisconsin, not Illinois, law must be applied to the present factual situation. The only reference in the complaint to the State of Wisconsin is that the collision occurred in that State. There is no allegation therein that the plaintiff is suing under the laws of Wisconsin, nor is there a statement as to the provisions of that State's laws relating to an action of this nature. When a litigant relies upon the laws of another State as the basis for his claim, he must plead and prove such laws, for the broad rule prevails that, in the absence of a showing to the contrary, such laws will be presumed to be the same as the laws of the forum. (149 A.L.R. 759; 20 Am. Jur. 182; *Lloyd v. Matthews,* 155 U.S. 222.) This point of application of Wisconsin law to the case, therefore, not having been raised in the trial court, will not now be considered upon review. *Zimmerman* v. *Kennedy,* 405 Ill. 306; *Union Drainage Dist. No. 5* v. *Hamilton,* 390 Ill. 487; *Chicago Title and Trust Co.* v. *De Lasaux,* 336 Ill. 522.

Although of initial impression to this court, the question raised by plaintiff's first contention has been considered on at least five occasions by appellate tribunals of our State. The problem was first presented in *Cunningham* v. *Metzger,*

258 Ill. App. 150, (2d Dist. 1930) where the court held that sections 6 and 29 of the Workmen's' Compensation Act (now section 5(a) and (b), Ill. Rev. Stat. 1955, chap. 48, par. 138.5,) prevented an injured employee from recovering against a negligent coworker. Four years later a similar result was reached by the Appellate Court for the First District in *Bentley* v. *Lippert,* 277 Ill. App. 615. However, in 1935, the same court reversed itself and held that an employee's action was abolished only as against the employer, and not against a coemployee. (*Botthof* v. *Fenske,* 280 Ill. App. 362.) The problem was next considered in *Biggs* v. *Farnsworth,* 336 Ill. App. 417, where an employee of the Perry Coal Co. was injured by a fellow worker, and the Fourth District reviewing court there held in accordance with the *Cunningham* and *Bentley* decisions. Finally, in the most recent case of *Hayes* v. *Marshall Field and Co.* 351 Ill. App. 329, the Appellate Court for the First District was again called upon to decide whether a worker under the Workmen's Compensation Act could sue a negligent coworker for injuries sustained in the course of his employment. In that case, a dust particle had lodged in the employee's eye and, during the treatment thereof by the company doctor, the eye was pierced by the latter's negligence. The injured employee, although recognizing the prior decisions on this subject, strenuously contended that our decision in *Grasse* v. *Dealer's Transport Co.* 412 Ill. 179, had completely altered the situation and was controlling. The Appellate Court rejected this argument and, in holding for the defendant, went on to say: "We think the language of the Workmen's Compensation Act treats both employer and employee upon common grounds insofar as any liability exists to answer for damages in an action by a fellow employee."

Section 5(a) of the Workmen's Compensation Act (Ill. Rev. Stat. 1955, chap. 48, par. 138.5,) provides: "No common law or statutory right to recover damages for

injury or death sustained by any employee while engaged in the line of his duty as such employee, *other than the compensation herein provided,* shall be available to any employee who is covered by the provisions of this Act, to any one wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury." (Italics supplied.) Compensation which an injured employee may receive is not limited to the statutory awards specified in sections 7 and 8, (Ill. Rev. Stat. 1955, chap. 48, par. 138.7 and 138.8,) but may, in the proper case, be augmented by common-law recoveries allowed under section 5(b) of the act which states: "Where the injury or death for which compensation is payable under this Act was not proximately caused by the negligence of the employer or his employees and was caused under circumstances creating a legal liability for damages on the part of some person other than the employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act." This section goes on to say that if such action is brought by the injured employee and recovery is obtained, then the employer is to be reimbursed for all amounts paid by him under the act.

Thus, the common-law action is preserved only if the injury was not proximately caused by the employer or his *employees* and created a legal liability for damages upon the part of some person other than the employer. If these conditions precedent are not met, no such remedy exists. (*Ketler Co.* v. *Industrial Com.* 392 Ill. 564; *Keeran* v. *Peoria, Bloomington and Champaign Traction Co.* 277 Ill. 413.) This construction is supported by the fact that if the legislature had intended that the action would be barred only by the negligence of the employer or the injured employee, it would have had no occasion to use the plural form of "employees." Clearly, the negligence of the em-

ployer and any of his employees would bar such a recovery. This view is further substantiated when we consider that although an employer cannot recover from the negligent coemployee (*Keeran* v. *Peoria, Bloomington and Champaign Traction Co.* 277 Ill. 413; *Manion* v. *Chicago, Rock Island and Pacific Railroad Co.* 2 Ill. App.2d 191,) section 5(b) expressly provides that in *all* common-law recoveries allowed under the act, the employer is to be reimbursed for amounts paid under the act, and may even bring the action in his own name if the injured employee fails to do so. It is evident that the legislature intended such actions should be prosecuted against persons other than coemployees. If this were not the case, an injured employee could collect the full amount of benefits from both his employer and fellow worker, and thus achieve a double recovery without any reimbursement being made to the employer for the compensation award. It is our opinion that the Workmen's Compensation Act does preclude a common-law action against a negligent coemployee.

Next, we must consider whether this act, as so construed, is unconstitutional and void. The plaintiff contends that such a provision neither affords a corresponding benefit to the injured employee nor bears any relationship to the objects of the Workmen's Compensation Act, and for that reason constitutes arbitrary and capricious class legislation. In support of this view, plaintiff relies heavily upon our recent decision of *Grasse* v. *Dealer's Transport Co.* 412 Ill. 179. In that case, Paul Grasse, an employee of Swift & Co., had filed an action to recover damages for injuries allegedly sustained as a result of the negligence of a Dealer's Transport Co. employee. The trial court found that all parties were bound by the act, and, in accordance with the first paragraph of section 29 thereof, held that any cause of action which the injured employee may have enjoyed at common law had been transferred to

his employer. On appeal, however, we pointed out that the very basis for the Workmen's Compensation Act was to be found in the master-servant relationship, and that such was a valid exercise of the police power, but that this particular provision of section 29 treated a different situation and regulated tort liability between persons "who have no employment or other relationship." For that reason, we held the paragraph to be unconstitutional. At no time, however, did we infer that the same constitutional objections would be valid under the present circumstances.

In order for a particular legislative classification to be valid, it must appear that it is based upon some real and substantial difference in kind, situation, or circumstance in the persons or objects on which the classification rests, and it must bear a rational relation to the evil to be remedied and the purpose to be obtained by the statute. (*Marallis* v. *City of Chicago,* 349 Ill. 422; *Josma* v. *Western Steel Car and Foundry Co.* 249 Ill. 508; *Connolly* v. *Union Sewer Pipe Co.* 184 U.S. 540, 46 L. ed. 679.) It has long been held that the regulation of employer-employee relationship is a proper exercise of the police power and will be upheld unless wholly unreasonable and arbitrary in nature. (*Grasse* v. *Dealer's Transport Co.* 412 Ill. 179; *Casparis Stone Co.* v. *Industrial Board,* 278 Ill. 77; *Truax* v. *Corrigan,* 257 U.S. 312, 66 L. ed. 254.) The primary purpose of the Workmen's Compensation Act is to provide employees a prompt, sure, and definite compensation, together with a quick and efficient remedy, for injuries or death suffered by such employees in the course of their employment, (*O'Brien* v. *Chicago City Railway Co.* 305 Ill. 244; *Raymond* v. *Industrial Com.* 354 Ill. 586,) and to require the cost of such injuries to be borne by the industry itself and not by its individual members. (*Lambert* v. *Industrial Com.* 411 Ill. 593; *Faber* v. *Industrial Com.* 352 Ill. 115.) It is our opinion that the provision now in

question achieves the desired results.

Under the present act an employee who is injured by a coworker need no longer overcome the time-honored fellow-servant doctrine nor rely entirely upon the solvency of the tort-feasor, but he is assured of immediate, certain relief without the necessity of costly and tedious litigation. Furthermore, if he is unfortunate enough to *cause* the injury of a coemployee, he need not fear the extreme financial burden which might otherwise be forced upon his shoulders by the employer or injured employee. On the other hand, if plaintiff's assertions are correct, an employee who has inadvertently injured a fellow worker would be forced to bear the sole cost of defending and satisfying the common-law action without any part of the cost being passed on to the industry, since the common employer's liability is expressly limited to the compensation award. (Ill. Rev. Stat. 1955, chap. 48, par. 138.11.) In view of the fact that a considerable portion of industrial injuries can be traced to the negligence of a coworker, such litigation could reach staggering proportions, and would not only tend to encourage corrupt and fraudulent practices but would also disrupt the harmonious relations which exist between coworkers. The avoidance of such results is most certainly beneficial to the employee.

The plaintiff argues that no reason exists for differentiating between a negligent coworker and an employee of a separate enterprise. Yet he fails to point out that the same unfortunate results do not occur when an injured employee sues a tort-feasor who is engaged by different management. In this later situation, the tort-feasor's employer would quite likely be personally liable and could be expected to undertake the defense at his own and the industry's expense, and, in addition, the employee relationships of the particular business would in no way be disturbed. We feel that such distinctions are sufficient to warrant separate classifications and that the Workmen's

Compensation Act thus construed is neither arbitrary, nor unconstitutional and void. For the reasons stated, the judgment of the circuit court of Cook County is, therefore, affirmed.

*Judgment affirmed.*