17 Ill.2d 618 (1959)
161 N.E.2d 812
ROY D. RYLANDER, Appellee,
v.
CHICAGO SHORT LINE RAILWAY COMPANY, Appellant.
No. 35137.
Supreme Court of Illinois.
Opinion filed September 24, 1959.
Rehearing denied November 16, 1959.
*619 STEVENSON, CONAGHAN, HACKBERT, ROOKS & PITTS, of Chicago, (HARLAN L. HACKBERT, of counsel,) for appellant.
LOUIS G. DAVIDSON, of Chicago, for appellee.
SIDNEY Z. KARASIK, and GEORGE W. ANGERSTEIN, both of Chicago, amici curiae.
Judgment affirmed.
Mr. JUSTICE SCHAEFER delivered the opinion of the court:
This is an action to recover damages for personal injuries *620 allegedly caused by the negligence of the defendant railroad in placing for loading at the plant of the plaintiff's employer a defective tank car on which the plaintiff was working when he was injured. The superior court of Cook County entered judgment upon a verdict for the plaintiff and the Appellate Court affirmed. (19 Ill. App.2d 29.) We allowed the defendant's petition for leave to appeal, primarily to re-examine the effect of the Workmen's Compensation Act upon a common-law action for negligence brought by an employee injured in the course of his employment by someone other than his employer.
The plaintiff, Roy D. Rylander, was injured on February 19, 1951, while employed by Interlake Iron Company as a stillman's helper in its Chicago yards. His duties were to mix by-products of tar and to load them through an overhead pipe line into the dome opening of railroad tank cars. The defendant, Chicago Short Line Railway Company, is a common carrier engaged in switching and connecting service in the Chicago area. Its principal function is to move railroad freight and tank cars between industrial sites and the lines of long-haul rail carriers.
Shortly after 11:00 P.M. on February 19, 1951, the plaintiff was injured when he fell from the dome of a tank car into which he had been pouring creosote. The car in question was leased by Interlake from its owner, General American Transportation Company. Two days earlier the defendant had returned it from an interstate journey to the Interlake yard. At the trial the plaintiff, the only occurrence witness, testified that he had put the dome cover in place and was squatting on the outside perimeter of the dome and using a wrench to screw down a nut on a cover bolt that was encrusted with dried creosote when the creosote "popped" off, either the nut or his wrench gave way, and he fell backward to the ground.
The defendant first contends that the plaintiff failed to prove its negligence and his own freedom from contributory *621 negligence. The Appellate Court analyzed the record and found that there was sufficient evidence to sustain the jury's verdict that the defendant was negligent and the plaintiff was not contributorily negligent. We are satisfied that there is competent evidence to support these findings. Ill. Rev. Stat. 1957, chap. 110, par. 92(3)(b).
As a matter of law, however, the defendant argues that its only duty was to return the tank cars to Interlake, and that the burden of inspection and repair thereafter rested on Interlake. Under this view it would be immaterial that the nut and bolt which the plaintiff was trying to fasten had been encrusted with creosote when the car was turned over to Interlake by the defendant, as the evidence indicated. To support this argument the defendant relies upon the interchange rules of the Association of American Railroads to which the defendant, Interlake, and the owner of the tank car were signatories, and upon a regulation of the Interstate Commerce Commission which requires shippers to examine all closures, and the protective covers, of tank cars before they are loaded.
The opinion of the Appellate Court analyzed the precedents which hold that a common carrier has a duty to deliver freight and tank cars that are in reasonably safe condition for the foreseeable uses of the recipient. The authorities need not be re-examined because the principle involved seems fundamental. We think that it applies here even though the defendant did not own the car and Interlake, as its exclusive lessee, could direct whether and when it would be used again. The defendant regularly maintained car inspectors at the Interlake yard who were required to inspect all cars before they were turned over to Interlake. When defects were found by the inspectors they were either repaired by the defendant or the car was sent back to its owner. There is no indication that the car from which the plaintiff fell was ever inspected by the defendant. Interlake did not have car inspectors or repair facilities. From the *622 evidence the jury could find that the defendant negligently failed to make a proper inspection of the car before returning it to Interlake. The possibility that Interlake might also have breached its duty, under a contract or under commission regulations, when it directed that the car be spotted for reloading without inspection, does not absolve the defendant from its obligation to deliver the car in a safe condition. Settle v. Baldwin, 355 Mo. 336, 196 S.W.2d 299; Siegel, Cooper & Co. v. Norton, 209 Ill. 201.
The defendant also contends that the plaintiff's action is barred because his employer or his coemployees were negligent in failing to make an adequate inspection of the car, and that their negligence must be imputed to the plaintiff. At common law the negligence of an employer (Siegel, Cooper & Co. v. Norton, 209 Ill. 201,) or of a fellow employee (Nonn v. Chicago City Railway Co. 232 Ill. 378,) is not imputed to a plaintiff in an action based on the negligence of a third person. But the defendant argues that the common-law rule has been abrogated by the Workmen's Compensation Act, and that our decision in O'Brien v. Rautenbush, 10 Ill.2d 167, so held.
We consider first the provisions of the statute upon which the defendant relies. Section 6 of the Workmen's Compensation Act of 1913 provided:
"No common law or statutory right to recover damages for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, shall be available to any employee who is covered by the provisions of this act, to any one wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury; * * *." Ill. Rev. Stat. 1949, chap. 48, par. 143.
Section 29 of the 1913 act contained the following provisions when the plaintiff was injured:
*623 "Where an injury or death for which compensation is payable by the employer under this Act was not proximately caused by the negligence of the employer or his employees, and was caused under circumstances creating a legal liability for damages in some person other than the employer to pay damages, such other person having also elected to be bound by this Act, or being bound thereby under section three (3) of this Act, then the right of the employee or personal representative to recover against such other person shall be transferred to his employer and such employer may bring legal proceedings against such other person to recover the damages sustained, in an amount not exceeding the aggregate amount of compensation payable under this Act, by reason of the injury or death of such employee.
"Where the injury or death for which compensation is payable under this Act was not proximately caused by the negligence of the employer or his employees and was caused under circumstances creating a legal liability for damages on the part of some person other than the employer to pay damages, such other person having elected not to be bound by this Act, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative." Ill. Rev. Stat. 1949, chap. 48, par. 166.
The defendant's position is that the Workmen's Compensation Act was intended to govern all of the rights of an injured employee to recover against anyone for an injury *624 sustained in the course of his employment. It reads section 6 as barring all common-law remedies by employees, and section 29 as conferring a new statutory remedy which is available only upon the conditions stated in the second paragraph of section 29. The condition upon which it relies to bar recovery in this case is the provision that the injury "was not proximately caused by the negligence of the employer or his employees."
These contentions were considered and rejected many years ago. The provisions of section 6 which relate to common-law actions by employees were held to "apply only to the right of the employee against the employer and have no reference to the liability of third persons causing injury to the employee." (Goldsmith v. Payne, 300 Ill. 119, 122; O'Brien v. Chicago City Railway Co. 305 Ill. 244; Huntoon v. Pritchard, 371 Ill. 36). And it was recognized that the primary purpose of section 29 was to provide reimbursement to a "nonnegligent employer for compensation payments to one of his employees, made necessary by the intervening negligence of a third party." Ketler Co. v. Industrial Com. 392 Ill. 564, 571.
In O'Brien v. Chicago City Railway Co. 305 Ill. 244, the leading case interpreting these statutory provisions, the court stated at p. 263: "The appellees regard the right of action of an employee against a third person not under the act, negligently injuring him, as a statutory grant, but such right is not a new right. It existed without any statute before the first workmen's compensation act in any country, and it has not been abolished or modified. The same allegations and the same proof will sustain the action as would do so at common law. Section 29 by its second clause does not grant a right to the employee, but merely provides a lien or a means of indemnification for the employer whose freedom from negligence may be regarded as a justification for giving him a lien upon the claim which the injured person has for full damages for his injury against the person whose *625 negligence caused it." Similar views have been expressed in Gones v. Fisher, 286 Ill. 606; Huntoon v. Pritchard, 371 Ill. 36 and followed in Kelas v. William Ganschow Co. 228 Ill. App. 189; McNaught v. Davis, 229 Ill. App. 253; Moscarelli v. Sheldon, 247 Ill. App. 352; Johnson v. Turner, 319 Ill. App. 265.
The legislature has acquiesced in the interpretation of the meaning of sections 6 and 29 that was expressed in 1922 in O'Brien v. City of Chicago, 305 Ill. 244. Over the years it did not change the wording of these provisions in any material respect. There have, however, been other changes that are said to be relevant.
In 1951 the Workmen's Compensation Act of 1913 was repealed and replaced by a new act. Section 6 of the 1913 act became section 5(a) of the 1951 act, and section 29 became section 5(b). (Ill. Rev. Stat. 1951, chap. 48, par. 138.5.) In 1952, in Grasse v. Dealer's Transport Co. 412 Ill. 179, we held that the first paragraph of section 29 of the 1913 act was unconstitutional on the ground that an unreasonable classification resulted when an employee's common-law right of action against a third party was made to depend on whether or not the third party was bound by the act. In 1953 this paragraph was stricken from section 5(b) of the 1951 act, and the reference in the second paragraph of section 5(b) to "such other person having elected not to be bound by this Act" was also deleted. Ill. Rev. Stat. 1953, chap. 48, par. 138.5.
When section 29 was originally enacted, both of its paragraphs contained the phrase "was not proximately caused by the negligence of the employer or his employees." The phrase was used in the same setting in each paragraph. That phrase, as used in the first paragraph of section 29, could not have applied to an action brought by an employee against a third party because under that paragraph the right of the employee to recover against the third party was transferred to his employer. It could only have applied to *626 the employer's claim for reimbursement. The identical phrase, in the same setting, in the second paragraph of section 29 was given the same meaning and was similarly held to apply only to an employer's claim for reimbursement. What was formerly the first paragraph of section 29 is no longer in the statute and the defendant urges that the phrase should now be held to mean that an action by an employee against a third party will lie only if the injury "was not proximately caused by negligence of the employer or his employees."
It is true that the language of the present section 5(b), (Ill. Rev. Stat. 1957, chap. 48, par. 138.5) if it is read as a new provision without regard to its history, supports the defendant's position. But there is no indication that when the General Assembly repealed the first paragraph of that section to conform to our decision in the Grasse case it intended also to make a drastic change in the meaning of the second paragraph, which it did not disturb. And we see no reason why the significance of a phrase that had acquired a settled meaning over a period of years should be held to have been altered by a formal amendment to comply with a decision of this court. We find no evidence of a legislative purpose to impute the negligence of an employer to his employee in order to bar the employee's action against a third party.
It is contended that the employee will obtain a double recovery for his injuries unless the negligence of his employer is imputed to him. Inasmuch as the employer has no right to reimbursement for compensation paid if his negligence was a proximate cause of the employee's injuries, this possibility does exist. But it has always existed. It has been considered before and rejected as an irrelevant ground on which to base a denial of an injured employee's right of action against a third-party tort-feasor. (Ketler Co. v. Industrial Com. 392 Ill. 564, 572; O'Brien v. Chicago City Railway Co. 305 Ill. 244, 262.) It may be that some inequity is inevitable in the absence of a provision for contribution *627 among joint tort-feasors. The construction urged by the defendant would excuse the negligence of one wrongdoer by placing the entire burden of indemnifying the employee on the other. In any case, the legislature appears to have been content with the existing statutory scheme which may result in a windfall to the innocent employee in the occasional case in which the negligence of the employer and a third party concur to cause the injury.
In addition to its reliance upon legislative changes, the defendant contends that this court, in O'Brien v. Rautenbush, 10 Ill.2d 167, adopted the construction it urges. In that case one of two employees covered by the Workmen's Compensation Act brought an action against the other to recover for injuries alleged to have been caused by the latter's negligent conduct during the course of their employment. Prior to the Grasse decision such an action would have been barred under the first paragraph of section 29 of the 1913 act on the ground that the co-employee was "bound" by the act. (Thornton v. Herman, 380 Ill. 341.) The plaintiff in the Rautenbush case argued, however, that since a third person bound by the Workmen's Compensation Act was no longer immune to suit by an employee under the act, he could bring an action against his fellow employee. We rejected this contention, and in the course of the opinion stated that under section 5(b) of the act, "the common-law action is preserved only if the injury was not proximately caused by the employer or his employees and created a legal liability for damages upon the part of some person other than the employer. If these conditions precedent are not met, no such remedy exists." 10 Ill.2d 167 at 171.
Both the defendant and amici curiae press upon us that this interpretation of section 5(b) is equally applicable to the second paragraph of section 29 of the 1913 act and that the negligence of the plaintiff's employer or his fellow employees, if a proximate cause of his injuries, should *628 operate as a bar to this action. The plaintiff, on the other hand, argues that we misconstrued the purpose and effect of section 5(b) in Rautenbush, and indeed the quoted language was characterized as dicta and rejected by the Appellate Court in this case (19 Ill. App.2d 29, 53) and by the United States Court of Appeals for the Seventh Circuit in Giguere v. U.S. Steel Corp. 262 F.2d 189.
The statement in Rautenbush that the common-law remedy of an employee under the act against a third party is affected by section 5(b) is at odds with earlier decisions of this court construing the same language in section 29. Upon reconsideration we are of the opinion that this statement of the meaning of section 5(b) was erroneous, and that the conditions set forth in that section apply only to an employer's right to reimbursement. We adhere, however, to our decision that the Workmen's Compensation Act precludes a common-law action for damages by an employee under the act against a co-employee based on the latter's negligence during the course of their employment. That result follows from the basic purpose of workmen's compensation to place the cost of industrial accidents upon the industry. That purpose would be blunted if the cost of those accidents was shifted from one employee to another within the industry. So far as persons within the industry are concerned, the Workmen's Compensation Act eliminated fault as a basis of liability.
The judgment of the Appellate Court was correct and is affirmed.
Judgment affirmed.