ROBERT LOHMAN *et al.*, Plaintiffs-Appellants, v. JOEL BEMIS *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—96—2194

Opinion filed June 5, 1997.—Rehearing denied July 8, 1997.

Joseph V. Roddy, of Chicago (Tamara L. Cummings and Joseph V. Roddy, of counsel), for appellants.

Susan S. Sher, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Julian N. Henriques, Jr., Assistant Corporation Counsel, of counsel), for appellees.

JUSTICE CERDA delivered the opinion of the court:

Two Chicago police officers, Robert Lohman and Craig Deraedt,

filed a complaint against two fellow officers, Joel Bemis and Ronald Schmuck, for personal injuries they sustained when defendants' vehicles collided. The trial court dismissed plaintiffs' willful and wanton claims on the basis that section 22—307 of the Illinois Pension Code (40 ILCS 5/22—307 (West 1994)) prohibits a police officer from bringing a cause of action against another police officer for willful and wanton conduct. For the following reasons, we affirm.

The issue in this case is whether, under the Illinois Pension Code, a Chicago police officer is barred from suing a fellow officer for personal injuries caused by willful and wanton conduct while responding to an emergency call.

On June 12, 1994, plaintiff Deraedt was a passenger in a vehicle being driven by defendant Schmuck. At the same time, plaintiff Lohman was a passenger in a vehicle being driven by defendant Bemis. All the officers were on duty in Chicago police department vehicles. They were responding to an emergency call when the vehicles collided in the intersection of Keeler Street and Armitage Avenue in Chicago. As a result of the collision, plaintiffs sustained injuries.

■ Plaintiffs filed a complaint against defendants for personal injuries they sustained in the collision, alleging willful and wanton misconduct. Defendants filed a section 2—619 motion to dismiss the first amended complaint (735 ILCS 5/2—619 (West 1992)) on the basis that (1) the allegations in the complaint of willful and wanton conduct were speculative, conclusory, and devoid of factual support; and (2) the complaint was barred by the Pension Code. The trial court granted the motion to dismiss because the claims were barred by the Pension Code. The purpose of a section 2—619 motion to dismiss is to afford litigants a means to dispose of legal issues and easily proved factual issues at the outset of a case, reserving disputed questions of fact for a trial. *Zedella v. Gibson*, 165 Ill. 2d 181, 185, 650 N.E.2d 1000 (1995). The granting of a section 2—619 motion to dismiss is given *de novo* review on appeal because the motion does not require the trial court to weigh facts or determine credibility. *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116, 619 N.E.2d 732 (1993).

We base our decision on section 22—307 of the Pension Code and *Mitsuuchi v. City of Chicago*, 125 Ill. 2d 489, 497, 532 N.E.2d 830 (1988), where the Illinois Supreme Court held that section 22—307 bars a police officer from bringing a cause of action for negligence against another police officer.

■ Section 22—307 of the Pension Code provides:

"Common law or statutory rights barred. Whenever any city or village enacts an ordinance pursuant to this Division, no common

law or statutory right to recover damages against such city or village for injury or death sustained by any policeman or fireman while engaged in the line of his duty as such policeman or fireman, other than the payment of the allowances of money and of the medical care and hospital treatment provided in such ordinance, shall be available to any policeman or fireman who is covered by the provisions of such ordinance, or to anyone wholly or partially dependent upon such policeman or fireman, or to the legal representative of the estate of such policeman or fireman, or to anyone who would otherwise be entitled to recover damages for such injury or death." 40 ILCS 5/22—307 (West 1994).

The City of Chicago enacted section 22—19 of the City of Chicago Municipal Code, which provides:

"The committee on finance of the city council is hereby authorized, directed and empowered to provide for payment for proper medical care and hospital treatment for accidental injuries sustained by any policeman *** while in the performance of his duties ***." Chicago Municipal Code § 22—19 (1969).

Thus, the City of Chicago enacted an ordinance pursuant to the Illinois Pension Code and was protected under the Code from common law actions for accidental injuries incurred by police officers.

*Mitsuuchi* is the controlling case because its rationale is broad enough to bar actions brought by police officers against fellow police officers for allegedly willful and wanton conduct. In *Mitsuuchi*, the plaintiff, a Chicago police officer, was a passenger in a Chicago police department squad car being driven by another police officer. *Mitsuuchi*, 125 Ill. 2d at 490. While the officer was trying to avoid a vehicle that had gone through a stop sign, the squad car swerved, went off the road, and struck a pole. *Mitsuuchi*, 125 Ill. 2d at 490. The plaintiff was injured and filed a lawsuit for negligence against her fellow officer. *Mitsuuchi*, 125 Ill. 2d at 490.

Our supreme court compared the Pension Code to the Workers' Compensation Act (Ill. Rev. Stat. 1987, ch. 48, par. 138.1 *et seq.*), which provides that an employee receiving workers' compensation cannot maintain a common law negligence action for an injury sustained in the course of employment against a fellow employee. *Mitsuuchi*, 125 Ill. 2d at 493-94. The court relied on *Kelsay v. Motorola, Inc.*, 74 Ill. 2d 172, 180, 384 N.E.2d 353 (1978), which discussed how the statutory scheme of the Workers' Compensation Act established a tradeoff between an employer and employee, whereby the employee enjoys the automatic right to be compensated and the employer receives the right to fixed liability.

The *Mitsuuchi* court stated:

" 'In view of the fact that a considerable portion of industrial

injuries can be traced to the negligence of a coworker, [litigation between coworkers] could reach staggering proportions, and would not only tend to encourage corrupt and fraudulent practices but would also disrupt the harmonious relations which exist between coworkers.' " *Mitsuuchi*, 125 Ill. 2d at 495, quoting *O'Brien v. Rautenbush*, 10 Ill. 2d 167, 174, 139 N.E.2d 222 (1956).

Our supreme court has also decided that the Workers' Compensation Act bars an employee from bringing a common law action against a coworker for injuries arising from willful and wanton conduct. *Meerbrey v. Marshall Field & Co.*, 139 Ill. 2d 455, 469, 564 N.E.2d 1222 (1990); *Fregeau v. Gillespie*, 96 Ill. 2d 479, 484, 451 N.E.2d 870 (1983); *Collier v. Wagner Castings Co.*, 81 Ill. 2d 229, 241, 408 N.E.2d 198 (1980); *Sjostrom v. Sproule*, 33 Ill. 2d 40, 43, 210 N.E.2d 209 (1965). In addition, the Workers' Compensation Act provides for limited liability on the part of the employer for any "accident" resulting in injury to an employee while at work, whether that accident and injury are a result of negligence or willful and wanton misconduct. *Lannom v. Kosco*, 158 Ill. 2d 535, 541, 634 N.E.2d 1097 (1994).

■ Willful and wanton conduct is a hybrid between negligence and intentionally tortious behavior. *Calloway v. Kinkelaar*, 168 Ill. 2d 312, 323, 659 N.E.2d 1322 (1995); *Ziarko v. Soo Line R.R. Co.*, 161 Ill. 2d 267, 275, 641 N.E.2d 402 (1994). Illinois law defines willful and wanton conduct as a course of action that shows an actual or deliberate intention to cause harm or, "if not intentional, shows an utter indifference to or conscious disregard" for the safety of others. *Calloway*, 168 Ill. 2d at 323; *Doe v. Calumet City*, 161 Ill. 2d 374, 390, 641 N.E.2d 498 (1994). In Illinois, there is no independent tort of willful and wanton conduct. *Ziarko v. Soo Line R.R.*, 161 Ill. 2d at 274.

■ The City of Chicago ordinance 22—19 provides

"for payment *** for accidental injuries sustained by any policeman *** while in the performance of his duties." Chicago Municipal Code § 22—19 (1969).

Thus, if an officer is injured accidentally while in the performance of his duties, he is only entitled to receive compensation as provided under the Illinois Pension Code and the Chicago Municipal Code. The ordinance does not distinguish between accidental injuries from negligent or willful and wanton conduct. We therefore decline to distinguish between negligent and willful and wanton conduct. We believe both are covered by the Codes.

We decline to apply section 2—202 or 5—106 of the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/2—202, 5—106 (West 1994)) because those sections of the Tort Immunity Act apply to torts against nongovernmental persons or property, not coworkers.

Since we have decided that plaintiffs are barred from bringing a cause of action for willful and wanton conduct against defendants, we need not address whether the complaint adequately stated a claim for willful and wanton conduct. According to the record, the circuit court never made a ruling whether the complaint stated a cause of action for willful and wanton conduct.

Based on the foregoing, we affirm the circuit court judgment.

Affirmed.

McNAMARA and BURKE, JJ., concur.