W. J. HASKELL, Appellant, vs. WILLIAM F. HOWARD et al.
Appellees.

*Opinion filed October 27, 1915.*

MUNICIPAL CORPORATIONS—*city has no power to prohibit adver-
tisements of liquor dealers.* A city has no power to enact an ordi-
nance prohibiting the display, within the city limits, of any sign or
advertisement of a wholesale or retail liquor dealer, where the pro-
hibition is not limited to advertisements for the sale or the taking
of orders for sale of liquor in the city, which is anti-saloon terri-.
tory, but purports to prohibit the posting or displaying of any ad-
vertisement of intoxicating liquor.

APPEAL from the Circuit Court of Douglas county; the
Hon. FRANKLIN H. BOGGS, Judge, presiding.

ACTON & ACTON, for appellant.

JOHN H. CHADWICK, for appellees.

Mr. CHIEF JUSTICE FARMER delivered the opinion of
the court:

This appeal is prosecuted to review a decree of the cir-
cuit court of Douglas county dismissing for want of equity
a bill in chancery filed by appellant.

Appellant, W. J. Haskell, on December 5, 1911, se-
cured from appellee William F. Howard the privilege of
placing a bill-board on the private premises of said appel-
lee in the incorporated city of Villa Grove, Illinois, for a
period of five years. It is stipulated the bill-board was
constructed of lumber and properly placed on the lot of
Howard, facing the right of way of the Chicago and
Eastern Illinois Railroad Company, and as placed was not
dangerous to any person; that said bill-board showed the
following sign: "Demand Fecker Beer.—Brewed at Dan-
ville, Illinois." It is stipulated the city of Villa Grove is
in anti-saloon territory, and that appellant is under con-
tract to the Fecker Brewing Company of Danville, Illinois,

to maintain such sign. Appellee the city of Villa Grove subsequently, on February 10, 1914, passed an ordinance, section 7 of which is as follows:

"Sec. 7. Whosoever shall, by himself or another, directly or indirectly, within said corporate limits, display or post, or suffer to remain displayed or posted, upon any vehicle used by him, or in, on or about any building or premises occupied by him, any sign or other advertisement indicating that intoxicating liquor, or spirituous, vinous, malt or fermented liquor, or any so-called temperance drinks which contain any spirituous, vinous, malt or fermented liquor, are kept, stored or dealt in at such building or premises, or shall suffer any sign or advertisement of any wholesale or retail liquor dealer to be displayed or posted upon any vehicle used by him, or in, on or about any building or premises occupied, owned or leased by him or under his control, shall be deemed guilty of suffering a nuisance to exist, and upon conviction thereof shall be fined not less than twenty dollars ($20) nor more than two hundred ($200) for each and every day, or fraction thereof, he shall permit any such sign to be posted or displayed."

Appellee Howard, at the direction of the mayor of the appellee city of Villa Grove, on May 1, 1914, tore down said bill-board and sign, and both appellees refuse to permit the same to be again erected and the sign maintained. On January 8, 1915, appellant filed his bill of complaint in the circuit court of Douglas county, alleging said section 7 of the ordinance is void and asking for the specific performance of his contract with appellee Howard giving him the right to maintain said bill-board and sign, and for damages sustained. Appellees answered said bill, conceding to appellant the right to erect and maintain said bill-board but denying the right to maintain the sign advertising Fecker beer and complainant's right to the relief prayed. Upon a hearing the bill was dismissed for want of equity. The trial judge certified that the validity of a municipal ordi-

nance was involved and that the public interest required the appeal to be prosecuted direct to this court, which was accordingly done.

It was stipulated between appellees and appellant that the only question for decision is the validity of section 7 above set out, which, in effect, prohibits individuals from maintaining, displaying or posting on private property within the corporate limits of Villa Grove any sign or advertisement of any wholesale or retail liquor dealer and declaring the same to be a nuisance. It was further stipulated and agreed between the parties that if said ordinance is held void appellant is entitled to the relief prayed and nominal damages against appellee Howard.

The briefs of counsel on both sides are devoted largely to a discussion of the power of municipalities to regulate the construction and use of bill-boards within the corporate limits. There is no doubt they have such power, but the regulation must be reasonable. (*City of Chicago* v. *Gunning System,* 214 Ill. 628; *Cusack Co.* v. *City of Chicago,* 267 id. 344.) The object of the ordinance here involved was not the control and regulation of either the construction, location or use of bill-boards, but the purpose of its enactment was to prohibit any sign or advertisement of any wholesale or retail liquor dealer being displayed within the corporate limits of the city. The prohibition was not merely against the display of such signs on bill-boards, but was against their being displayed or posted upon any vehicle, or in, on or about any building or premises in the corporate limits of the city. The ordinance purports to prohibit the posting or displaying of any advertisement of intoxicating liquor. No express power is given municipalities by the Cities and Villages act to pass such an ordinance. If the power exists it must be implied from the powers expressly conferred.

The argument of appellees that the power to pass such an ordinance exists or is implied as incidental to the power

to regulate or prohibit the sale of intoxicating liquors, or that it arises out of the statute which forbids taking orders for the sale and delivery of intoxicating liquors in anti-saloon territory, is untenable. The ordinance is not limited to advertisements for the sale of liquor in Villa Grove nor to advertisements for taking orders for the sale and delivery of intoxicating liquors in that city. The prohibition of such advertisements is unnecessary to and has no reasonable connection with the power to prohibit the sale of liquor in said city. If the power to prohibit such advertisements is to be implied, it must be because their display affects the public health, safety, morals or welfare. By no stretch of the imagination could it be made to appear that such advertisements threaten or injuriously affect the public health or safety. If the ordinance can be sustained at all it must be because they injuriously affect the morals or welfare of the public. It is a matter of common observation that a great many manufacturers extensively advertise their products by display signs in cities and along the lines of railroads and public highways. So far as we are aware it has never been held that the advertisement of its beer by a brewery was so injurious to the public morals as to make it a nuisance *per se* and authorize it being prohibited. The use of intoxicating liquors is objectionable to a great many people; but so, also, is the use of tobacco, coca cola and chewing gum, but they are the products of lawful manufacture, and so long as that is so we do not see how their advertisement can be prohibited. It would seem inconsistent to say that a product may be lawfully manufactured for the consumption of all who desire it but the advertisement of it may be prohibited as an offense against public morals. The exercise of the police power is limited to enactments tending to promote the public health, safety, morals or general welfare. It is for the legislature to determine when an exigency exists for the exercise of the police power, but what is the subject of such exercise is a judicial question.

Under the guise of police regulation the personal rights or liberties of citizens cannot be arbitrarily invaded. (*Ruhstrat* v. *People,* 185 Ill. 133; *Bailey* v. *People,* 190 id. 28; *Haller Sign Works* v. *Training School,* 249 id. 436.) In *People* v. *City of Chicago,* 261 Ill. 16, it was held that if a city was clothed with the whole police power of the State it would not have authority to deprive a citizen of valuable property rights under the guise of prohibiting or regulating something that had no tendency to injure the public health, safety, morals or general welfare. In *Haller Sign Works* v. *Training School, supra,* it was held the police power does not justify interference with private rights for purposes unconnected with the safety, health, morals or general welfare of the public. Cases not precisely in point but in some measure analogous in principle are *Sullivan* v. *City of Oneida,* 61 Ill. 242, where it was held the power to declare the selling, giving away or keeping on hand for sale intoxicating liquors a nuisance did not authorize the enactment of an ordinance making it an offense for any person in the city to have in his possession intoxicating liquor, and *City of Carthage* v. *Munsell,* 203 Ill. 474, where the city adopted an ordinance prohibiting the sale of liquor within its limits, and an ordinance making the delivery of intoxicating liquor by a carrier to the consignee a sale was held void.

We are of opinion the enactment of the ordinance here involved was unauthorized, that it is unreasonable and an unlawful invasion of the rights and liberties of citizens and void.

The decree of the circuit court is reversed and the cause remanded, with directions to enter a decree granting the relief prayed, in accordance with the stipulation of the parties.      *Reversed and remanded, with directions.*