(No. 32539.—

RONDA REALTY CORPORATION, Appellee, *vs.* SAMUEL T. LAWTON *et al.*, Appellants.

*Opinion filed March 23, 1953.*

314

John J. Mortimer, Corporation Counsel, and Francis J. Mahon, both of Chicago, (L. Louis Karton, and Harry H. Pollack, of counsel,) for appellants.

Julius J. Schwartz, Leonard Gordon, and Richard F. Watt, all of Chicago, for appellee.

Mr. Justice Daily delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Cook County which found subparagraph (2) of section 8 of the Chicago zoning ordinance, (Municipal Code of Chicago, sec. 194A-8(2),) to be unconstitutional and void. The trial court has certified that the validity of a municipal ordinance is involved and, that in its opinion, the public interest requires a direct appeal to this court.

The leading facts show that appellee, which is the Ronda Realty Corporation, applied to the commissioner of buildings of the city of Chicago, for a permit to remodel appellee's apartment building at 4201-15 North Sheridan Road, from twenty-one to fifty-three apartments. Accompanying the application was a certificate, by the secretary of the appellee, to the effect that on the premises there would be off-street facilities for parking eighteen automobiles. The commissioner issued the permit, whereupon thirteen tenants of the building, who are some of the appellants here, appealed to the zoning board of appeals seeking to reverse the action of the commissioner. The ground of the appeal was that the remodeling would result in the creation of fifty-three apartments; that section 194A-8(2) of the Municipal Code of Chicago requires an apartment building to provide off-street automobile parking facilities on the lot where the apartment building is maintained at the ratio of one automobile for each three apartments; that there is only space on appellee's lot for parking eight automobiles; that fifty-three apartments would require eighteen

parking spaces and therefore the commissioner should not have issued the permit.

A hearing was held before the zoning board of appeals, which body, after hearing evidence and viewing the premises, concluded that there were not enough off-street parking facilities on appellee's property to comply with the ordinance and entered an order reversing the action of the commissioner and revoking the permit. Appellee then filed a complaint in the circuit court for review under the provisions of the Administrative Review Act, (Ill. Rev. Stat. 1951, chap. 110, pars. 264-279,) setting forth the facts and pleading the invalidity of the ordinance relied upon by the board. On the hearing for review, the court stated that it was deciding the case purely on a question of law and not on questions of fact, and entered its judgment that the section of the ordinance relied upon was unconstitutional and void in that it discriminated against appellee and deprived it of equal protection of the law. The order of the zoning board of appeals was reversed and the issuance of the building permit sustained. The tenants, the commissioner of buildings, the zoning board of appeals and the city of Chicago have perfected the appeal to this court.

The errors assigned in this court present but one decisive issue, namely, whether subparagraph (2) of section 8 of the zoning ordinance is invalid because it creates an unlawful classification, discriminatory in its nature. The complete provisions of section 8 of the ordinance are as follows:

"194A-8. (Section 8.) Apartment House Districts. Permitted uses in Apartment House districts are:

(1) Any use permitted in a Family Residence district without restrictions except such as are applicable to auxiliary uses and any other use permitted in a Duplex Residence or Group House district;

(2) Apartment house, provided that where there are more than two apartments in the building a private garage

or automobile compound for the storage of one passenger automobile for each of 33 per cent of the number of apartments shall be erected or established and maintained on the lot used for the apartment house;

(3) Boarding or lodging house, hotel, hospital, home for dependents or nursing home;

(4) Boarding school, vocational school, college or university, when not operated for pecuniary profit;

(5) Club, fraternity or sorority house, when not operated for pecuniary profit;

(6) Public art gallery, library or museum;

(7) Auxiliary uses, subject to the following limitations:

A sign may be maintained on any lot area or building, if the sign is not more than 2 square feet in area and if it is located not nearer to the street line than the building line and if it does not advertise anything except the names and occupations of the occupants;

A restaurant may be maintained in a hotel, if the public entrance to the restaurant is from the lobby of the hotel and no sign advertising the restaurant is visible to persons outside of the hotel."

The right of cities to enact zoning ordinances thereby imposing a reasonable restraint upon the use of private property, and the rules of law governing the validity of such ordinances are reasonably well settled. The right which every property owner has to use his property in his own way and for his own purposes is subject always to the exercise of police power and it is in the exercise of this power that zoning ordinances are adopted. To be a valid exercise of the police power, however, the ordinance must bear a substantial relationship to the public health, safety, comfort or welfare. To those ends, legislative bodies may classify persons if the classification is based on some reasonable distinction having reference to the object of the legislation. (*Chicago Park Dist.* v. *Canfield,* 382 Ill. 218; *Josma* v. *Western Steel Car and Foundry Co.* 249 Ill. 508.)

Laws will not be regarded as special or class legislation merely because they affect one class and not another, provided they affect all members of the same class alike. A classification which is not purely arbitrary and is reasonably adapted to secure the purpose for which it was intended will not be disturbed by the courts unless it can be clearly seen that there is no fair reason for the distinction made. (*Stearns* v. *City of Chicago,* 368 Ill. 112.) Also, in this regard, we have held that even though a zoning ordinance be based upon proper statutory authority and is reasonably designed to protect the public health or safety, it cannot, in such guise, under the rights guaranteed by the Illinois and Federal constitutions, effect an arbitrary discrimination against the class on which it operates by omitting from its coverage persons and objects similarily situated. Statutory classifications can only be sustained where there are real differences between the classes, and where the selection of the particular class, as distinguished from others, is reasonably related to the evils to be remedied by the statute or ordinance. *Charles* v. *City of Chicago,* 413 Ill. 428; *Marallis* v. *City of Chicago,* 349 Ill. 422; *Josma* v. *Western Steel Car and Foundry Co.* 249 Ill. 508.

Tested in the light of these established rules of law, we believe it is manifest that subparagraph (2) of section 8 creates an unlawful classification, both arbitrary and discriminatory in its nature. Of all the different types of structures upon which the section is made to operate, it is only apartment buildings that are required to furnish off-street parking facilities. The evils to be remedied on crowded city streets are well known, but we do not see that the singling out of apartment buildings from the other types of buildings embraced by the ordinance is reasonably related to the elimination of those evils. Appellants urge that the classification is not discriminatory because it applies to all apartment buildings equally and because it is apartment buildings, more than any other type structure per-

mitted, which contribute the most to street congestion caused by parked automobiles. We see neither a fair nor reasonable basis for such a classification nor its reasonable relation to the object and purpose of the ordinance. The street congestion problems created by boarding or rooming houses, hotels, and the like, are not essentially different from those caused by apartment buildings. All are similarly situated in their relation to the problems of congestion that are caused by parking cars in the street, and all contribute proportionately to the evil sought to be remedied. Indeed, we think it not unreasonable to say that the scope and nature of the congestion may be greater in the case of large rooming houses and hotels than in the case of apartment houses. First, due to the comparative number of persons accommodated and, second, because the apartment dweller suggests a resident of some permanency who would seek to alleviate the problem of parking on the street, whereas the hotel or rooming house guest suggests a transient who makes no effort to solve his parking problem. It is our conclusion that the differences in kind between apartment buildings and numerous of the other structures upon which the section is made to operate are not such as to warrant the distinction made by subparagraph (2). Relieving congestion in the streets is no doubt a proper legislative purpose, but imposing the burden on one kind of property, while excepting other kinds not significantly different, is not a valid means for its accomplishment. A statute or ordinance cannot be sustained which applies to some cases and does not apply to other cases not essentially different in kind. *Josma* v. *Western Steel Car and Foundry Co.* 249 Ill. 508.

It follows that the circuit court was correct in holding subparagraph (2) of section 8 of the ordinance invalid. The judgment of the circuit court is therefore affirmed.

*Judgment affirmed.*