METROMEDIA, INC., Plaintiff-Appellee, *v*. THE CITY OF DES PLAINES, Defendant-Appellant.

(No. 59865;

First District (3rd Division)—March 6, 1975.

Robert J. Di Leonardi, of Des Plaines (Charles R. Hug, of counsel), for appellant.

Burke and Weber, of Chicago (Thomas T. Burke and Robert J. Weber, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Metromedia, Inc., a Delaware corporation, filed an action in the circuit court of Cook County seeking a declaratory judgment that section 4—5—14 of the Des Plaines City Code is unconstitutional as applied to it. That ordinance prohibited all off-premises outdoor advertising signs within the city limits. After the defendant City of Des Plaines filed its answer, the parties entered into a stipulation of facts and then separately moved for summary judgment. After hearing argument on the motions, the trial court found the challenged provision arbitrary, prohibitory, and confiscatory as applied to plaintiff's property. The court accordingly entered judgment for plaintiff.

On the basis of the pleadings and stipulation, the facts may be stated as follows. Plaintiff, through a subsidiary, leased several parcels of real estate upon which it erected structures for advertising purposes. At the time the leases were originally executed, the parcels were located in an unincorporated area of Cook County. They have since been annexed by defendant. While the land was located in the unincorporated area and even after defendant annexed it, plaintiff's use of the land was admittedly lawful. On September 15, 1969, the pertinent provision was passed and approved by defendant. The proscriptive features of that section read as follows:

"4-5-14: OBSOLETE AND OFF-PREMISES SIGNS; REMOVAL:

It shall be unlawful for any person, firm, or corporation to permit any sign now or hereafter existing which no longer advertises a bona fide business conducted, or a product sold, or which advertises a business which is not being conducted on or adjacent to the premises on which the sign is located. * * *"

The ordinance made no mention of compensation for existing advertising sign structures. The annual income accruing to plaintiff through the use of its signs amounted to $48,672. When ordered to remove its signs, plaintiff filed this suit.

Plaintiff contended in the trial court that the ordinance does not bear a substantial relationship to the health, morals, safety, and welfare of the public, and hence is arbitrary and unreasonable in violation of the fourteenth amendment. Plaintiff also contended that even if the amendment is valid, the failure of defendant to provide for compensation for its prior lawful off-premises use constitutes an unlawful taking in contravention of the fourteenth amendment. The trial court apparently accepted both arguments.

Defendant's first contention in this court is predicated upon a procedural ground. It urges that the uncontested evidence before the court was insufficient as a matter of law to overcome the presumptive validity

of the section of the ordinance and enable the court to declare the section unconstitutional as applied.

This argument overlooks the crux of the issue before us. While it is true that plaintiff specifically requested, and the trial court eventually granted, a declaration that the provision is unconstitutional as applied to plaintiff, nevertheless the challenge must be deemed an attack on the constitutionality of the section on its face.

In *Pacesetter Homes, Inc. v. Village of South Holland* (1959), 18 Ill. 2d 247, 163 N.E.2d 464, the court was confronted with the issue of the constitutionality of a sunday closing ordinance. The ordinance prohibited, with specific exceptions, the operation of all business activities or ordinary secular pursuits for gain or profit on Sunday. In one of the cases consolidated for review, the operators of a motel, restaurant, and gasoline service station joined to have the ordinance declared unconstitutional. The trial court declared the ordinance unconstitutional "in so far as it prohibits the businesses of the plaintiffs," and the village appealed.

■■ In answer to the village's contention that the ordinance could not be said as a matter of law, without evidence, to be unconstitutional as applied to plaintiffs' businesses, our supreme court stated that the suit must be perceived as a challenge to the constitutionality of the ordinance on its face and not as applied. The court reasoned, at page 250, that the validity "of a penal ordinance such as the one in question here cannot be made to depend upon facts found in the particular case. Since testimony and other evidence vary from case to case, such a rule would result in the absurdity of declaring the law constitutional one day and unconstitutional the next. \* \* \* The law must be considered in its general application to all cases and conditions existing throughout the [village]."

As in the above case, the present issue concerns the constitutionality of a comprehensive provision enacted under the police power of the municipality. It is unlike a zoning law, the peculiar nature of which often warrants a determination of validity as applied to a particular piece of property. The provision in the present case is general in its terms, proscribing all off-premises advertising throughout the city's territorial limits. Hence the ordinance is either valid to all it embraces or invalid to all it embraces. (*United States v. Ju Toy* (1905), 198 U.S. 253; *Butts v. Merchants & Miners Transportation Co.* (1913), 230 U.S. 126.) The resolution of this question is one of law and not fact. *Pacesetter Homes v. South Holland, supra.*

■■■ Since the central issue in this case is whether section 4—5—14 is unconstitutional on its face, it is obvious that defendant's initial contention is without merit. While uncontested, the evidence adduced clearly

brought plaintiff within the purview of the ordinance's proscriptions and established a justiciable controversy. The principle of presumptive validity of an ordinance will not foreclose the judiciary from inspecting an ordinance assailed on its face. (*McCray v. City of Chicago* (1920), 292 Ill. 60, 126 N.E. 557.) Rather it places the burden of showing the invalidity of an ordinance, proper in form and valid in enactment, on the one who asserts it. (*City of West Frankfort v. Industrial Com.* (1950), 406 Ill. 452, 94 N.E.2d 413.) It also requires that an ordinance not be invalidated if any reasonable supposition of facts can be found to justify it. *Hoerdt v. City of Evanston* (1968), 99 Ill.App.2d 307, 241 N.E.2d 685, *cert. denied* (1969), 395 U.S. 944.

■■ We next consider whether the ordinance in question is unconstitutional on its face as being arbitrary and unreasonable. The State has delegated to municipalities the power to pass all necessary police ordinances. (Ill. Rev. Stat. 1973, ch. 24, par. 11—1—1.) To be valid, the ordinance must be reasonably related to the health, morals, safety, or general welfare of a community. (*Haskell v. Howard* (1915), 269 Ill. 550, 109 N.E. 992.) The one essential and universal limitation upon the exercise of the police power is that the law be reasonably necessary and reasonably exercised. (*City of Chicago v. Gunning System* (1905), 214 Ill. 628, 73 N.E. 1035.) If under the guise of a police regulation an ordinance in reality amounts to an invasion of the property rights of individuals, the court has the duty to strike it down. *Condon v. Village of Forest Park* (1917), 278 Ill. 218, 115 N.E. 825.

Often the validity of an ordinance enacted pursuant to the police power turns upon a determination of whether the challenged provision is a regulation or prohibition. For instance, in *Paulus v. Smith* (1966), 70 Ill.App.2d 97, 217 N.E.2d 527, a city ordinance prohibiting the construction of any advertising sign within 400 feet of the center lines of an expressway when the front would be visible from that location was recognized by us to be a valid regulation. The ordinance was properly directed to promoting the safety of drivers on the highways. However, in *Haller Sign Works v. Physical Culture Training School* (1911), 249 Ill. 436, 94 N.E. 920, the challenged ordinance prohibited the construction of any signs within 500 feet of a park or boulevard. No prohibition existed for any other public street or public place. The court held it invalid, observing that it was prohibitive in failing to prescribe some limits to its reach and some basis for its classification. Also see *City of Chicago v. Gunning System, supra; Haskell v. Howard, supra.*

■■ By the terms of the provision of the ordinance in the present case, a distinction is made between on-premises and off-premises outdoor advertising signs. No express finding is set forth in the ordinance present-

ing the reasons for such a classification. While it is certain that in the exercise of its police powers a municipality may create classifications, they must have some relation to the object of the power. An inspection of this ordinance convinces us that the classification made in the challenged section is arbitrary, capricious, and prohibitive on its face.

The wording of a sign, unless immoral or against public policy, has no rational relation to the health, morals, or welfare of the public. Moreover it cannot be said to reasonably promote the safety of the public. It is true that signs and billboards placed at particular locations may obscure a driver's vision or distract his attention. However, this section would permit all on-premises signs to be erected anywhere in the city, however hazardous or distractive to drivers, and at the same time prohibit all off-premises signs throughout the city, however innocuous. No rational basis exists for such a distinction. (See *Norate Corp., Inc. v. Zoning Board of Adjustment* (1965), 417 Pa. 397, 207 A.2d 890; *Central Outdoor Advertising Co. v. Village of Evendale* (1954), 54 Ohio Op. 354, 124 N.E.2d 189; *Varney & Green v. Williams* (1909), 155 Cal. 318, 100 P.867; contra, *United Advertising Corp. v. Borough of Metuchen* (1964), 42 N.J. 1, 198 A.2d 447.) Aesthetic considerations alone cannot validate an ordinance enacted pursuant to the police power. See *La Salle National Bank v. City of Evanston* (1974), 57 Ill.2d 415, 312 N.E.2d 625; *Sign Works v. Training School, supra.*

In *Chicago Park District v. Canfield* (1943), 382 Ill. 218, 47 N.E.2d 61, an ordinance provided that no person shall operate a vehicle displaying any placard, notice, or advertising in any park or public way within the park district. An exception was specifically made for drivers of common carriers and taxis. At page 224, the court stated it was apparent "that the ordinance here involved creates an unlawful classification, discriminatory in its nature, which renders the ordinance invalid. * * * There is no reasonable ground upon which this classification can be made. It bears no relation to the object and purposes of the ordinance. Its only effect is to permit two classes of vehicles, *viz.*: vehicles operated by common carriers and taxicabs, to carry any advertisements, placards, and notices, regardless of their size or appearance, upon the boulevards and through the parks. If the purpose of the regulation is to prevent the display of distracting signs on vehicles and thus decrease traffic hazards, the exception of these classes of vehicles, from the regulation, completely destroys it."

There is no doubt that defendant can proceed against individual advertising signs that constitute public nuisances. Whether or not defendant can constitutionally enact a more restrictive ordinance limiting the

erection of off-premises signs in certain areas of the city is not before us, and we make no determination of that issue.

Since we hold the challenged provision of the defendant's city code unconstitutional on its face as being arbitrary, prohibitive, and overbroad, we need not decide if it is also confiscatory. The trial court granted plaintiff's request and held that provision unconstitutional as applied to plaintiff's property. That ruling of the circuit court of Cook County, therefore, is affirmed. However, we hereby enter judgment holding that section 4—5—14 of the Des Plaines City Code is unconstitutional on its face.

Judgment affirmed.

DEMPSEY and MEJDA, JJ., concur.