JAMAICA INN, INC., *et al.*, Plaintiffs-Appellants, *v.* RICHARD J. DALEY *et al.*, Defendants-Appellees.—PIGALLE LOUNGE, INC., *et al.*, Plaintiffs-Appellants, *v.* RICHARD J. DALEY *et al.*, Defendants-Appellees.

First District (4th Division)   Nos. 62303, 62304 cons.

Opinion filed September 22, 1977.—Rehearing denied October 18, 1977.

Patrick A. Tuite, of Chicago, for appellants.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Marsile J. Hughes, Assistant Corporation Counsel, of counsel), for appellees.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the judgment of the circuit court of Cook County on administrative review, affirming the revocation of liquor licenses for Jamaica Inn, Inc. (hereinafter "Jamaica Inn") and Pigalle Lounge, Inc. (hereinafter "Pigalle"). Regarding Pigalle, the charges included solicitation of drinks by employees of the premises and allowing employees to dance in the state of nudity. As to Jamaica Inn, the charge was allowing employees to solicit drinks. The licenses were revoked by the local liquor license commissioner (hereinafter "commissioner") and, after the cases were consolidated, his decisions were upheld by the Liquor Appeal Commission of the City of Chicago. On administrative review, the revocations were affirmed by the circuit court, from which this appeal is taken.

The issues presented for review are (1) as to Pigalle and Jamaica Inn, whether a City of Chicago ordinance which prohibits the solicitation of nonalcoholic beverages, as well as alcoholic beverages, on premises licensed to sell alcoholic beverages, is an unreasonable classification and denies equal protection of the law; (2) as to Pigalle only, whether a City of Chicago ordinance which prohibits nudity in any public place is overbroad and abridges freedom of speech; and (3) as to Pigalle and Jamaica Inn, whether an adverse judgment in a previous lawsuit should operate as estoppel by judgment as to any issue challenging the City of Chicago ordinance prohibiting solicitation of drinks by employees of licensed establishments.

On June 5, 1974, Officer James Campbell of the Chicago Police Department went to 906 Ernst Court, the Pigalle, was shown to a seat and was asked by a waitress if he wanted something to drink. He replied "yes," received a drink and paid for it. Later, a lady came up to him, said she was a dancer there and wanted to know if he would like company. He said he would. The waitress asked if he would like to buy the girl a drink. He said "yes" and the waitress went to get the girl a drink. The drink was served to the lady and charged to the officer, although there was no conversation as to what was in the drink. Later, the officer arrested the dancer, the waitress and the bartender. On cross-examination the officer admitted the girl with whom he was sitting did not tell him what she wanted to drink. The waitress came back with a glass containing a liquid which he did not taste but which looked like orange juice.

Another Chicago police officer testified that on October 31, 1974, he went to the Pigalle and he observed Louise Schulman on the stage in a top and panties. After a few dances she totally disrobed and danced two numbers in the nude. He placed her under arrest after her dance. It was not possible to see the premises from the street, and in order to get into the premises one would have to walk down a passageway 60 or 70 feet.

On May 28, 1974, two police officers of the City of Chicago went to 6 East Chestnut, the Jamaica Inn. A waitress asked the policemen if they would like companionship. They replied "yes" and two women employees sat with them. The waitress asked if they wished to purchase two drinks for the women and the officers made no reply. Later, when the waitress returned after serving drinks to the two women, the parties were placed under arrest.The officers had no idea what was in the glasses served to the two women sitting with them.

Another police officer, Casper Johnson, testified that on June 5, 1974, he went to the Jamaica Inn and Mary Romano, a waitress, asked him if he wanted to buy a drink. He ordered and she came back with a drink. Roberta Allen, an employee, then approached the officer and asked if he wanted company. He said "yes" and she sat down. Miss Romano asked if he wanted to buy Miss Allen a drink. She returned with a highball glass with amber liquid in it. Arrests were made although the officer admitted he did not know what the drink was that Miss Allen received.

Upon the respective charges of solicitation of drinks by employees of the premises and allowing employees to dance in the nude, the liquor licenses of both Pigalle and Jamaica Inn were revoked. On administrative review, the revocations were affirmed. This action is taken from the order of the circuit court affirming the revocations.

The ordinances involved in this appeal are the Municipal Code of Chicago, chapter 147, sections 147—15, 15.1 and 15.2, as well as chapter 192, section 192—8. The provisions are:

"147—15. For the purposes of this section, the following terms shall have the meaning ascribed to them in this subsection:

A. Employee. The term 'Employee' means any agent, manager, employee, entertainer, barkeeper, host, hostess, waiter, waitress or other such person employed * * * on any contractual basis by such an establishment, or receiving any remuneration for services in such an establishment;

B. Licensed Establishment. The term 'Licensed Establishment' means any place of business which has been issued a city license for the retail sale of alcoholic beverages;

C. Patron. The term 'Patron' means any patron, customer, or visitor of a licensed establishment who is not employed by such establishment.

147—15.1. No licensee or any employee of a licensee shall:

(a) Solicit, induce or request any patron of the licensed establishment to purchase any alcoholic or nonalcoholic beverage for himself or any other employee of the licensed establishment; or

(b) Knowingly serve to any employee any alcoholic or non-alcoholic beverage which was purchased by any patron.

147—15.2. No licensee, manager or barkeeper of a licensed establishment shall permit any employee to remain on the premises of the licensed establishment who solicits, induces or requests a patron to purchase an alcoholic or non-alcoholic beverage for any employee.

Nothing in this Section prohibits the above activities where the patron and employee are related by blood or marriage.

192—8. Any person who shall appear in a public place in a state of nudity, or in a dress not belonging to his or her sex, with intent to conceal his or her sex, or in an indecent or lewd dress, or who shall make any indecent exposure of his or her person, shall be fined not less than twenty dollars nor more than five hundred dollars for each offense."

The licensees claim portions of these provisions deny equal protection of the laws.

Article I, section 2 of the 1970 Illinois Constitution provides:

"No person shall be deprived of life, liberty or property without due process of law nor be denied the equal protection of the law."

Amendment 14 of the United States Constitution provides, in pertinent part:

"No State shall * * * deny to any person within its jurisdiction the equal protection of the laws."

■■ ■ Whether an act is open to the charge that it denies equal

protection of the law depends, not on whether the parties affected have been discriminated against, but whether there is a reasonable basis for the classification made by the statute. (*People ex rel. Rusch v. Ladwig* (1937), 365 Ill. 574, 7 N.E.2d 313.) Although an individual's right to equal protection of the laws does not deny a state the power to treat different classes of persons in different ways, it denies the power to legislate that different treatment be accorded to persons placed by a statute into different classes on the basis of criteria wholly unrelated to the objective of that statute. (*Johnson v. Robinson* (1974), 415 U.S. 361, 374, 39 L. Ed. 2d 389, 402, 94 S. Ct. 1160, 1169.) The classification must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation. *F. S. Royster Guano Co. v. Virginia* (1920), 253 U.S. 412, 415, 64 L. Ed. 989, 990-91, 40 S. Ct. 560, 561.

A well-recognized type of unreasonable classification is one which imposes a burden upon a wider range of individuals than are included in the class of those tainted with the public mischief at which the law aims. This is known as over-inclusive classification.

Pigalle and Jamaica Inn suggest the rationale prohibiting over-inclusive classification applies to the instant case, with regard to the City of Chicago ordinance which prohibits the solicitation of nonalcoholic drinks by and for employees.

■■ An individual charged under this ordinance could lose his liquor license even if he was soliciting for the purchase of patently nonalcoholic drinks such as coffee or cola. Enforcement of such ordinance would unconscionably jeopardize the liquor licenses of many restaurants, stores and food and drink stands, while bearing no relationship to the public mischief at which the law aims. Such classification is arbitrary, unfair and unreasonable. We find, therefore, this classification is over-inclusive, as it improperly includes the solicitation of nonalcoholic beverages in its proscription. We hold the ordinance is unconstitutional as violative of the equal protection clauses of the United States and Illinois Constitutions.

■■ In the case at bar, no evidence was offered to prove the solicited drinks were alcoholic. Revocation of liquor licenses under such circumstances, and in view of the arbitrary and unreasonable classification in the ordinance, is improper and such revocation should be reversed.

■■ Jamaica Inn and Pigalle raise the additional issue of whether the City of Chicago ordinance prohibiting the solicitation of drinks denies equal protection as it prohibits solicitation of nonalcoholic beverages only in places licensed to sell alcoholic drinks. This point is well taken. We are of the opinion an ordinance which prohibits the solicitation of nonalcoholic drinks in liquor licensed establishments and does not

prohibit such solicitation in non-liquor-licensed establishments denies equal protection of the laws because there is no reasonable basis for such classification. Just as an ordinance which prohibits the solicitation of nonalcoholic beverages bears no relationship to the control of liquor, limiting such a restriction solely to liquor licensed establishments is arbitrary and amounts to gross discrimination. There is no evil in the solicitation of a nonalcoholic beverage, but if there were, there is no reasonable distinction for proscribing the evil only in places licensed to sell alcohol. The Illinois courts have repeatedly held only those classifications are valid which are based upon reasonable grounds of distinction, and where an exception is invalid because it is based on an arbitrary and unreasonable classification, this renders that section of the ordinance invalid (see *Chicago Park District v. Canfield* (1943), 382 Ill. 218, 47 N.E.2d 61; see also *Metromedia, Inc. v. City of Des Plaines* (1975), 26 Ill. App. 3d 942, 326 N.E.2d 59). Statutory classifications can only be sustained where there are real differences between the classes, and where the selection of the particular class, as distinguished from others, is reasonably related to the evils to be remedied by the ordinance (*Ronda Realty Corp. v. Lawton* (1953), 414 Ill. 313, 111 N.E.2d 310).

■■ Tested in light of these established rules of law, we believe the prohibitory sections of the ordinance which are restricted to soliciting beverages in liquor licensed establishments create an unlawful classification, both arbitrary and discriminatory in nature. The circuit court erred in holding those portions of the ordinance constitutional.

In addition to soliciting for the payment of employees' drinks, the license of Pigalle was revoked by the commissioner for violating the City of Chicago ordinance prohibiting nudity in any public place.

Pigalle claims said ordinance is overbroad as applicable to any public place and as such violates the first and fourteenth amendments to the United States Constitution. In a recent case, a 1974 declaratory judgment injunction action before Cook County circuit court Judge L. Sheldon Brown, this question was raised by Jamaica Inn, which happens to be a party here. Judge Brown enjoined City of Chicago officials from enforcing the ordinance against Jamaica Inn, as such application would be unconstitutionally overbroad. The City of Chicago has never appealed that decision and when read together with *Doran v. Salem Inn, Inc.* (1975), 422 U.S. 922, 45 L. Ed. 2d 648, 95 S. Ct. 2561, which later affirmed a Federal district court's granting of an injunction similar to the injunction ordered by Judge Brown (see below, for a discussion of *Doran*) the precedential value of Judge Brown's order, as well as the rationale, is accorded great weight.

Nude dancing is a form of expression which is protected by the first amendment (see *California v. La Rue* (1972), 409 U.S. 109, 34 L. Ed. 2d

342, 93 S. Ct. 390). In *La Rue* the court reversed the district court and upheld a regulation of the California Department of Alcoholic Beverage Control which prohibited the sale of liquor by the drink in premises where naked dancing was a part of the entertainment. The most recent pronouncement on the subject, however, has been *Doran v. Salem Inn* (1975), 422 U.S. 922, 45 L. Ed. 2d 648, 95 S. Ct. 2561, which involved an ordinance that prohibited female nudity "in any public place." There, the United States district court issued a preliminary injunction enjoining enforcement of the ordinance on first and fourteenth amendment grounds, and the United States Court of Appeals affirmed the district court's order. After granting certiorari, the United States Supreme Court, in affirming, held the distrct court did not abuse its discretion in issuing the preliminary injunction.

In commenting on the ordinance, which was similar to the City of Chicago ordinance challenged by Pigalle, the court, speaking through Mr. Justice Rehnquist, stated:

" * * * the challenged ordinance applies not merely to places which serve liquor, but to many other establishments as well. The District Court observed, we believe correctly:

'The local ordinance here attacked not only prohibits topless dancing in bars but also prohibits any female from appearing in "any public place" with uncovered breasts. There is no limit to the interpretation of the term "any public place." It could include the theater, town hall, opera house, as well as a public market place, street or anyplace of assembly, indoors or outdoors. Thus, this ordinance would prohibit the performance of the "Ballet Africains" and a number of other works of unquestionable artistic and socially redeeming significance. * * *' " *Doran*, 422 U.S. 922, 933, 45 L. Ed. 2d 648, 660, 95 S. Ct. 2561, 2568.

■■ The City of Chicago ordinance is as broad as the ordinance in *Doran*. It prohibits nudity in "a public place." Although the court in *Doran* held the district court did not abuse its discretion by enjoining enforcement of the ordinance and reserved the question of the constitutionality of the ordinance, we are faced squarely with the question of constitutionality. We hold the City of Chicago ordinance prohibiting nudity in a public place is unconstitutionally overbroad in the scope of its application, as it infringes on citizens' first amendment freedom of expression. The circuit court improperly found this ordinance constitutional, and the revocation of Pigalle's liquor license based on a violation of said ordinance is inappropriate.

Lastly, the commissioner claims Jamaica Inn and Pigalle are precluded by estoppel by judgment from arguing any issue which might have been raised in *Jamaica Inn, Inc. v. Daley* (1975), 29 Ill. App. 3d 770. There, a

group of plaintiffs unsuccessfully brought suit against various City of Chicago officials, seeking injunctive relief along with a declaratory judgment that the City of Chicago ordinance prohibiting solicitation of drinks by employees of establishments having a liquor license (Municipal Code of Chicago, ch. 147, sections 147—15, 15.1 and 15.2) was unconstitutional. Although a number of constitutional grounds were urged by the plaintiffs and rejected by the court, the parties at bar agree the constitutional issues raised in the present appeal were not raised in the declaratory judgment suit.

■■■ On the issue of estoppel by judgment, the parties on each side of the question rely on the Illinois Supreme Court in *Charles E. Harding Co. v. Harding* (1933), 352 Ill. 417. There, the court discussed at length the doctrines of res judicata and estoppel by judgment. The court, speaking through Mr. Justice Dunn, said:

> "The doctrine of *res judicata* is, that a cause of action finally determined * * * on the merits * * * is a complete bar to any subsequent action on the same claim or cause of action, between the same parties or those in privity with them. The doctrine extends not only to the questions actually decided but to all grounds of recovery or defense which might have been presented. [Citations.] Where the former adjudication is relied on as an absolute bar to a subsequent action, it must be shown that the cause of action, the thing to be recovered and the parties are the same in both proceedings. The principle of *res judicata* applies, however, to cases where, although the cause of action is not the same, some fact or question has been determined and adjudicated in a former suit and the same fact or question is again put in issue in a subsequent suit between the same parties. In such cases the determination in the former suit of the fact or question, if properly presented and relied on, will be held conclusive on the parties in the later suit, regardless of the identity of the cause of action, or the lack of it, in the two suits. When the second action between the same parties is upon a different cause of action, claim or demand, it is well settled that the judgment in the first suit operates as an estoppel only as to the point or question actually litigated and determined and not as to other matters which might have been litigated and determined. * * * This principle is sometimes called estoppel by verdict * * *." *Harding*, 352 Ill. 417, 426-27.

■■ ■ The commissioner relies on that portion of the opinion in *Harding* which applies the doctrine of res judicata not only to the questions actually decided but to all grounds which might have been presented. The case at bar, however, raises novel questions and is an appeal of a lower court decision on administrative review, whereas the

previous action, claimed to be controlling, was a declaratory judgment action, and hence is a bar only to issues actually litigated therein. There is, therefore, neither identity of cause of action supporting the defense of res judicata nor an actual litigation upon the merits supporting the rule of collateral estoppel by judgment. Although the question of unreasonably including nonalcoholic beverages in the ordinance's proscription of soliciting beverages might have been presented in the former suit to enjoin enforcement of the ordinance, such question may be presented in a subsequent suit for administrative review of a revocation of a liquor license, where no such question was ever raised in the injunction case and there was no finding in the decree on that question.

For the foregoing reasons the judgments of the circuit court of Cook County affirming the liquor license revocation of Pigalle and Jamaica Inn are hereby reversed.

Reversed.

JOHNSON and ROMITI, JJ., concur.