JAMAICA INN, INC., *et al.*, Appellees, v. RICHARD J. DALEY, Mayor, *et al.*, Appellants.—PIGALLE LOUNGE, INC., *et al.*, Appellees, v. RICHARD J. DALEY, Mayor, *et al.*, Appellants.

*Opinion filed October 6, 1978.*

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Mary Denise Cahill, Assistant Corporation Counsel, of counsel), for appellants.

Patrick A. Tuite, of Chicago, for appellees.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

On December 27, 1974, the liquor licenses of plaintiffs, Jamaica Inn, Inc. (Jamaica Inn), and Pigalle Lounge, Inc. (Pigalle), were revoked by the local liquor license commissioner for violations of Chicago ordinances. The license of Jamaica Inn was revoked for violations of an ordinance which prohibits liquor licensees or their employees from soliciting patrons to buy nonalcoholic drinks (Municipal Code of Chicago, ch. 147, secs. 147—15 to 147—15.2). The license of Pigalle was revoked for the same reason, but also because of a violation of an ordinance which prohibits nudity in a public place (Municipal Code of Chicago, ch. 192, sec. 192—8). The Liquor Appeal Commission of the city of Chicago consolidated the cases and sustained the revocations, and plaintiffs filed complaints for administrative review in the circuit court of Cook County. The circuit court upheld the Commission's decisions. On appeal to the appellate court, the judgment of the circuit court was reversed, and the ordinances were declared unconstitutional (53 Ill. App. 3d 257). We granted defendants' petition for leave to appeal under Rule 315 (65 Ill. 2d R. 315).

On several occasions in 1974, Chicago police officers

visited the premises of the plaintiffs, Jamaica Inn and Pigalle, and witnessed the occurrences which led to revocation of plaintiffs' licenses. The details of each visit are contained in the appellate court opinion and need not be restated. A similar course of events was involved in each visit in which an officer was solicited. A waitress or dancer employed by the licensee would ask the officer if he desired a companion. In each instance the officer agreed and was joined by a female employee, usually a dancer. The officer would then be asked to buy a drink for his companion, and was charged as much as $3.75 per drink at Jamaica Inn and $4.20 per drink at Pigalle. The bartender and employees involved in the solicitation were arrested. Although some officers testified that the drinks appeared to be liquor, testimony did not clearly establish whether the drinks were in fact alcoholic. It will be assumed that they were not.

The instance of nudity which led to revocation of Pigalle's license also involved a simple factual setting. An officer entered the lounge and observed a female dancer who disrobed in the course of her performance. Upon completion of the performance, she was placed under arrest.

Following the arrests at Jamaica Inn and Pigalle, the licenses of both were revoked on the basis of the ordinance violations. The solicitation ordinance in question was promulgated under a chapter of the Chicago Municipal Code entitled "Liquor Dealers," pursuant to the States' authority to regulate the sale of liquor under the twenty-first amendment (U.S. Const., amend. XXI). The ordinance provides:

"For the purposes of this section, the following terms shall have the meaning ascribed to them in this subsection:

A. Employee. The term 'Employee' means any agent, manager, employee, entertainer, barkeeper, host,

hostess, waiter, waitress or other person employed *** on any contractual basis by such an establishment, or receiving any remuneration for services in such an establishment;

B. Licensed Establishment. The term 'Licensed Establishment' means any place of business which has been issued a city license for the retail sale of alcoholic beverages;

C. Patron. The term 'Patron' means any patron, customer, or visitor of a licensed establishment who is not employed by such establishment." Municipal Code of Chicago, ch. 147, sec. 147—15.

"No licensee or any employee of a licensee shall:

(a) Solicit, induce or request any patron of the licensed establishment to purchase any alcoholic or non-alcoholic beverage for himself or any other employee of the licensed establishment; or

(b) Knowingly serve to any employee any alcoholic or non-alcoholic beverage which was purchased by any patron." Municipal Code of Chicago, ch. 147, sec. 147—15.1.

"No licensee, manager or barkeeper of a licensed establishment shall permit any employee to remain on the premises of the licensed establishment who solicits, induces or requests a patron to purchase an alcoholic or non-alcoholic beverage for any employee.

Nothing in this section prohibits the above activities where the patron and employee are related by blood or marriage." Municipal Code of Chicago, ch. 147, sec. 147—15.2.

The nudity ordinance in question was not promulgated pursuant to the States' authority to regulate the sale of liquor nor under the "Liquor Dealers" provisions of the Chicago Municipal Code, but rather under the chapter entitled "Public Morals." The ordinance, since amended (see Journal of the Proceedings of the City Council of the City of Chicago, Illinois 7228-29 (January 17, 1978)), provided:

"Any person who shall appear in a public place in a state of nudity, or in a dress not belonging to his or her

sex, with intent to conceal his or her sex, or in an indecent or lewd dress, or who shall make any indecent exposure of his or her person, shall be fined not less than twenty dollars nor more than five hundred dollars for each offense." Municipal Code of Chicago, ch. 192, sec. 192—8.

Plaintiffs contend, and the appellate court held, that the solicitation ordinance violates the equal protection clauses of the United States Constitution (U.S. Const., amend. XIV) and Illinois Constitution (Ill. Const. 1970, art. I, sec. 2), and that the nudity ordinance impermissibly intrudes upon freedom of expression guaranteed by the first and fourteenth amendments to the United States Constitution (U.S. Const., amends. I, XIV). Defendants ask us to uphold the constitutionality of the ordinances and, concomitantly, the revocation of plaintiffs' licenses. The parties also raise the issue of the *res judicata* effect of a prior action regarding the solicitation ordinance, *Jamaica Inn, Inc. v. Daley* (1975), 29 Ill. App. 3d 770. We address this issue first.

The prior action was brought by Jamaica Inn, Pigalle, other licensees, employees and a patron, and failed in seeking injunctive relief and a declaration that the ordinance prohibiting solicitation of drinks violates, *inter alia,* equal protection guarantees. Plaintiffs here argue that their right to equal protection has been violated for two reasons: first, that the ordinance is underinclusive because it does not prohibit solicitation in unlicensed premises; and second, that the ordinance is overinclusive because it applies to nonalcoholic beverages.

In support of their respective contentions, the parties both cite the following language from the court's opinion in *Charles E. Harding Co. v. Harding* (1933), 352 Ill. 417, 427:

"When the second action between the same parties is upon a different cause of action, claim or demand, it is well settled that the judgment in

420

> the first suit operates as an estoppel only as to the point or question actually litigated and determined and not as to other matters which might have been litigated and determined."

It is the position of the defendants that the doctrine of collateral estoppel, or estoppel by verdict, precludes plaintiffs from again challenging the constitutionality of the solicitation ordinance. We agree. Having once raised the issue, plaintiffs may not now seek its relitigation. (*City of Elmhurst v. Kegerreis* (1945), 392 Ill. 195, 207-08.) We therefore hold that plaintiffs may not again question the validity of this solicitation ordinance. To hold otherwise would sanction the multiplicity of litigation that the doctrine of *res judicata* was designed to avoid. *City of Elmhurst v. Kegerreis* (1945), 392 Ill. 195, 207-08.

In light of our treatment of defendants' plea of prior adjudication and our disposition of the solicitation issue, we need not address the issue of the constitutionality of the nudity ordinance. (*Howard v. Lawton* (1962), 22 Ill. 2d 331, 334.) The license of each plaintiff was revoked for a violation of the solicitation ordinance, and the revocations may therefore be upheld. Revocation of Pigalle's license, effectuated in part because of a violation of the nudity ordinance, would still be effective even if we were to invalidate the nudity ordinance, since the revocation would still be supported by a violation of the solicitation ordinance.

For the foregoing reasons, we hold that plaintiffs' arguments concerning the solicitation ordinance are barred under the doctrine of *res judicata* and that the ordinance is valid. Because the licenses of both plaintiffs were revoked under the solicitation ordinance, the revocations are upheld.

Accordingly, the judgment of the appellate court is reversed and the judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*